517 So.2d 1268 (1987)
STATE of Louisiana
v.
James WILLIAMS.
No. KA-7638.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Writ Denied March 11, 1988.
Harry F. Connick, Dist. Atty., Joseph H. McCusker, III, Asst. Dist. Atty., New Orleans, for plaintiff.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, LOBRANO and WARD, JJ.
LOBRANO, Judge.
A jury found the defendant guilty of attempted simple burglary, La.R.S. 14:62 (14:27), and he was sentenced to six years at hard labor.
The defendant and a companion were arrested for attempted burglary of an auto parts store after noises were detected by a person monitoring the store's audio security system. Police arrived and observed the two men with tools and a flashlight attempting to break in. Both men were arrested as they attempted to escape. The defendant's companion pleaded guilty to attempted simple burglary. The defendant assigns as error the trial court's denial of his motion for recusal and its failure to refer the motion to another judge.
On the morning of trial the defendant made an oral motion for recusal because the judge had previously prosecuted the defendant when he was an assistant district attorney. The following colloquy took place:
DEFENSE
Your honor, at this time, on behalf of the defendant James Williams, he's just brought to my attention you've prosecuted him on a previous conviction in this section of court, and he wishes me to move the Court to recuse itself and reallot the case to avoid any possible prejudice on your behalf during the trial of this matter. He feels it would have an effect on his rights to waive a jury, for example.
BY THE COURT:

*1269 Well, I don't have any independent recollection of having prosecuted the gentlemen in this section of court. However, you now say that I did.
STATE:
For the record, my rap sheet indicates that the defendant had a case in Section "F" in 1974, and in '85. In '85 he pled guilty to a lesser charge.
BY THE COURT:
What happened in '74?
STATE:
He was found guilty.
BY THE COURT:
He was found guilty by a jury?
DEFENSE:
He states you were before Judge Schulingkamp.
BY THE COURT:
I don't have any independent recollection. I would deny his request and note an objection.
DEFENSE:
Please note an objection.
BY THE COURT:
I can assure you it will have no effect on me.
La.C.Cr.P. Art. 674 provides the procedure for recusal of a trial judge:
"A party desiring to recuse a trial judge shall file a written motion therefor assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675."
Ordinarily an oral motion for recusal presents nothing for review. State v. Crothers, 278 So.2d 12 (La.1973), cert. denied 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973). However, since the motion was made on the record prior to commencement of trial we shall review the merits of that issue.
Relative to the statutory grounds for recusal, La.C.Cr.P. Art. 671 states in pertinent part:
"In a criminal case a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the case to such an extent that he would be unable to conduct a fair and impartial trial;
* * * * * *
(6) Would be unable, for any other reason, to conduct a fair and impartial trial."
A trial judge is presumed to be impartial. State v. Edwards, 420 So.2d 663 (La.1982). A motion to recuse based upon prejudice may be granted only if the prejudice is substantial and is based upon more than conclusory allegations. State v. Quails, 377 So.2d 293 (La.1979).
In State v. Maduell, 326 So.2d 820 (La. 1976), the Louisiana Supreme Court, when confronted with the issue of the trial judge having previously prosecuted the defendant while serving an assistant district attorney, held that there was no showing made of bias or prejudice within the meaning of Article 671(1).
The argument is made, however, that in Maduell the recusal motion was referred to another judge for hearing, whereas in this case the motion was denied by the trial judge without referring to another judge. While we agree that this argument has some merit, under the facts of this case we conclude that the motion does not suggest any specific allegation of bias, only a general conclusory inference which does not warrant referral to another judge. And, as in Maduell, this matter was tried before a jury. A review of the record does not suggest even a hint of prejudice or bias on the part of trial judge that would warrant a reversal.
Furthermore, State v. Patterson, 432 So. 2d 1021 (La.App. 1st Cir.1983) suggests that Article 674 does not mandate that every recusal motion be referred to another *1270 judge for hearing. The trial judge does have discretion to determine if there is "a valid ground for recusation" set forth in the motion. In Patterson, the recusal motion was not referred to another judge for hearing. The court stated:
"We find that the trial judge did not abuse his discretion in refusing to refer the motion to another judge for hearing.
* * * * * *
Our review of the transcript of the entire proceedings, especially the trial itself, indicates that the trial judge was even handed throughout the trial, and that counsel's apprehensions over his ability to obtain a fair trial were mistaken." Id. at p. 1024.

For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
WARD, J., concurs with reasons.
BARRY, J., dissents with reasons.
WARD, Judge, concurring.
I concur with the reasons given for affirmation. However, because the motion was not in writing, the Trial Judge need not have considered it. In proceedings in Criminal Court where all matters presented are recorded, an oral motion will always be part of the record. Nevertheless, this does not satisfy C.Cr.P. 674 which requires that the motion must be presented in written form. If we hold that it does, then a motion need never be in writing and Article 674 will have no meaning.
BARRY, Judge, dissenting.
In State v. LeBlanc, 367 So.2d 335 (La. 1979), the Supreme Court found that the mere appearance of impartiality required the trial judge to recuse himself on his own motion, even though the defendant did not allege or show any specific instances of the judge's partiality or bias. Canon 3(C)(1) of the Code of Judicial Conduct recommends that a judge should disqualify himself "in a proceeding in which his impartiality might reasonably be questioned."
La.C.Cr.P. Art. 674 requires recusal or referral of the motion to another judge where a valid ground for recusation is set forth. This provision avoids the appearance of impropriety by having another judge pass on the questioned judge's possible partiality.
In this case, the trial judge considered the allegations of prejudice substantial enough to investigate the veracity of the underlying facts. The State confirmed those facts on the record. The trial judge immediately denied the motion, assuring the defendant that his prior involvement (as a prosecutor of the defendant) would have no effect on the proceedings.[1]
It is of little solace to a defendant that an allegedly impartial judge, who earlier was his prosecutor, proclaims for the record that he will be impartial. Under these facts, the trial judge should have referred the motion to another judge in order to avoid the "mere appearance" of impropriety. The "mere appearance" standard is certainly applicable to a defendant.
Defendant's conviction should be reversed and the motion to recuse allotted to another judge for consideration.
NOTES
[1] The writer is well aware of this trial judge's excellent reputation.