627 So.2d 231 (1993)
STATE of Louisiana
v.
Willie HARRISON, Jr.
No. 92-K-1400.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1993.
Harry F. Connick, Dist. Atty., New Orleans, for State of La.
Willie Harrison, Jr., pro se.
Before LOBRANO, PLOTKIN and LANDRIEU, JJ.

ON REMAND FROM THE SUPREME COURT
PLOTKIN, Judge.
On remand from the Supreme Court 624 So.2d 1206, the issue is whether the relator was denied the effective assistance of counsel on appeal because his attorney filed an "error patent" brief, as prescribed in Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990) without following the procedure required by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
On January 25, 1983 the relator was found guilty of armed robbery and attempted first degree murder. On February 11, 1983 he was sentenced to serve ninety-nine years at hard labor without benefit of probation, parole, or suspension of sentence as to count one, and fifty years at hard labor as to count two, to run concurrently. The conviction and sentence were affirmed on appeal. State v. Harrison, 446 So.2d 423 (La.App. 4th Cir. 1984). However, this Court subsequently vacated the conviction and sentence for attempted first degree murder on the grounds of double jeopardy. State v. Harrison, unpub. (K-8286 La.App. 4th Cir. Sept. 3, 1987).
Relator's post conviction relief claims are ill defined. He offers no authority for his argument that his appellate counsel's failure to assign error from the conviction results in actual or constructive denial of effective assistance of counsel. Nor have we located any authority that indicates that a appellate counsel who assigns and briefs errors in sentencing *232 only and not the conviction, has in effect withdrawn from representation of his client or was ineffective.
In Cooper v. Tennessee, 849 S.W.2d 744 (Tenn.1993), the defendant argued that he was denied the effective assistance of counsel on appeal when his attorney focused on two errors which pertained only to the imposition of the death penalty and that he was not required to show actual prejudice by his counsel's failure to raise any other nonfrivolous issues. The Tennessee Supreme Court rejected this argument. Relying on Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), the court held that there is no constitutional requirement that an attorney argue every issue on appeal. The Tennessee Court distinguished Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), which like Anders and Lofton, involved appeals wherein counsel assigned no error and/or moved to withdraw on the grounds that the appeal was frivolous.
In Jones v. Barnes, supra, the defendant had alleged he was denied the effective assistance of appellate counsel because counsel had failed to raise certain nonfrivolous issues which defendant had requested be raised and argued. The trial court had denied relief. The Court of Appeals reversed, holding that the defendant was not required to demonstrate a likelihood of success as to any of the nonfrivolous issues; it was enough to show that there were "colorable claims" which could have been argued. Jones v. Barnes, 463 U.S. at 750, 103 S.Ct. at 3312. The appellate court announced a per se rule that if the defendant requested counsel raise nonfrivolous issues, the counsel must do so; if he failed to, the defendant would then have a claim of ineffective assistance of counsel without having to show any prejudice. The Supreme Court reversed the Court of Appeals, rejecting the Court of Appeals' reliance upon Anders v. California:
Neither Anders nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points. Id., 463 U.S. at 751, 87 S.Ct. at 3312.
The Jones Court, 463 U.S. at 754, 103 S.Ct. at 3314, explained the purpose of the rule in Anders:
This Court's decision in Anders, far from giving support to the new per se rule announced by the Court of Appeals, is to the contrary. Anders recognized that the role of the advocate "requires that he support his client's appeal to the best of his ability." 386 U.S. at 744, 87 S.Ct., at 1400. Here the appointed counsel did just that. For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claims suggested by a client would disserve the very goal of vigorous advocacy that underlies Anders. Nothing in the Constitution or our interpretation of that document requires such a standard. [Footnote omitted].
The Jones Court reached its conclusion that raising some errors, but not all nonfrivolous errors, is an exercise of sound professional judgment by recognizing that appellate counsels often can best serve their roles of advocates by raising those issues which are most likely to lead to relief for the client and that to include weaker arguments may cause the stronger arguments to be buried.[1]
Furthermore, there is nothing within the language of Lofton v. Whitley which supports the relator's argument that he was constructively denied the effective assistance of counsel on appeal. In Lofton counsel raised no errors to the appellate court. Therefore, the Fifth Circuit concluded that counsel thought the case was frivolous, but failed to follow the Anders procedure for withdrawal. The language used by the Court in Lofton, as in Penson v. Ohio, refers to the defendant's right to representation in the appeal of the case. Nowhere do the courts refer to the appeal of the conviction. Without question, *233 a criminal case involves various stages, including sentencing. Therefore, the appellate counsel in the instant case was not ineffective because he failed to assign or brief any errors arising from the proceedings resulting in the relator's conviction.
A secondary issue suggested by the relator is that his appellate counsel, who was not his trial counsel, and the appellate court were unable to thoroughly review the record of the proceedings because not all of them were transcribed. Specifically, the relator refers to the fact that the entire voir dire, closing arguments, and jury instructions were not transcribed. He suggests that this Court could not undertake a thorough review of the record as is required in an appeal where counsel had complied with Anders.
The appellate record shows that where there had been a contemporaneous objection, the relevant portions of the voir dire and arguments were transcribed. The minute entry of trial does not indicate that there were any objections to the jury instructions. Considering this Court's refusal to relax the contemporaneous objection rule, the relator cannot show any prejudice from the fact that the entire voir dire, instructions, and arguments were not made a part of the record.
We hold that relator was not effectively denied the assistance of counsel on appeal.
Accordingly, the writ is denied.
WRIT DENIED.
NOTES
[1] As every judge of this Court is aware, a majority of all pro se writ applications involve attacks on the defendants' sentences not their convictions. Therefore, it is not surprising that many appointed appellate attorneys focus attention on sentencing errors in cases where there is not manifest reversible error in the trial.