638 So.2d 475 (1994)
STATE of Louisiana
v.
Bernard TILLMAN.
No. 94-K-1093.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1994.
*476 Harry F. Connick, Dist. Atty., Dwayne McClure, Asst. Dist. Atty., and Katherine A. Woodward, Law Clerk, New Orleans, for relator.
Before BYRNES, PLOTKIN and WALTZER, JJ.
BYRNES, Judge.
The defendant, Bernard Tillman, pled guilty as charged to La.R.S. 14:65.1, purse snatching, and was sentenced on September 16, 1992 to five years at hard labor with credit for time served.
Tillman was sentenced pursuant to the provisions of LSA-R.S. 15:574.5, the "intensive incarceration program."
On May 16, 1994 Tillman filed a "Motion To Reconsider Sentence" which was tried on June 3, 1994. The trial judge granted Tillman's motion and reduced his sentence to 55 months which made him eligible for immediate parole.
The state applied to this Court for writ of certiorari and prohibition, which we now grant.
The trial court had no authority to reconsider Tillman's sentence. Such actions are governed by LSA-C.Cr.P. art. 881.1 which sets a time limit of "thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence...." LSA-C.Cr.P. art. 881.1A(1).
Tillman's motion to reconsider came many months following the imposition of sentence and no longer period was set by the trial court.
Although the trial court, the defendant and the state all referred to the proceedings below as a "reconsideration" it more properly should have been styled an "amendment of sentence" pursuant to LSA-C.C.P. art. 881 which has no time limit. We do not feel that the failure of the parties to attach the proper label to the proceedings below in any way vitiates the authority conferred upon the trial court to amend sentences by LSA-C.C.P. art. 881. However, LSA-C.C.P. art. 881(B) provides in pertinent part that:
"After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation."
Tillman was convicted of a felony offense and his original sentence was at hard labor. Therefore, the trial court had no authority pursuant to LSA-C.Cr.P. 881(B) to amend or reduce Tillman's sentence.
LSA-C.Cr.P. art. 881(A) is likewise inapplicable as it confers authority to amend only "... prior to the beginning of execution of the sentence."
For the foregoing reasons, the judgment of the trial court "amending" and/or "reconsidering" the sentence of the defendant is reversed. The trial court's resentence is vacated, and the original sentence of five years at hard labor with credit for time served is hereby reinstated.
RESENTENCE VACATED; ORIGINAL SENTENCE REINSTATED.