654 So.2d 781 (1995)
STATE of Louisiana
v.
Ernest HUNTER.
No. 92-KA-2535.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1995.
*782 Gary W. Bizal, Pierce & Bizal, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Susan M. Erlanger, Asst. Dist. Atty., New Orleans, for appellee.
Before Schott, C.J., and Byrnes and Lobrano, JJ.
LOBRANO, Judge.
Defendant, Ernest Hunter, was charged by bill of information with armed robbery, a violation of Louisiana Revised Statute 14:64.
Defendant was arraigned on December 23, 1982 and pled not guilty by reason of insanity.
On January 6, 1983, following a lunacy hearing, the court ruled defendant was unable to understand the charges against him and ordered defendant committed to the Feliciana Forensic Facility.
On April 21, 1983, a hearing was held on defendant's Motion to Suppress Identification. Defendant's motion was denied. On the same day a lunacy hearing was held to determine defendant's competency to stand trial. The court found defendant able to assist in his defense.
On May 17, 1983, a twelve member jury found defendant guilty as charged.
On July 18, 1983, defendant was sentenced to ninety-nine years (99) at hard labor without benefit of parole, probation or suspension of sentence.
On July 25, 1983, the State filed a multiple bill. Defendant was subsequently adjudicated a second offender. Defendant's original sentence was vacated. Defendant was resentenced to serve ninety-nine (99) years at hard labor without benefit of parole, probation or suspension of sentence.
Defendant subsequently filed an errors patent appeal. On December 10, 1984 this Court affirmed defendant's conviction. State v. Hunter, unpub. (KA-2103, (La.App. 4th Cir., Dec. 10, 1984).
On December 23, 1991, this Court granted defendant an out of time appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990).

FACTS:
On December 9, 1982 at approximately 11:00 p.m., Nancy Lesh returned home to her parents' residence in New Orleans East. As she opened the door to her car, defendant, armed with a gun, ordered her to leave her purse on the seat and get out of the car. Defendant got into the car, a 1982 Chevrolet Caprice Classic. A second robber, William *783 Richburg, got into the rear passenger seat. The two men then fled in the vehicle. Lesh informed her family that she had been robbed. Her fiance called the police.
Officer Howard Martin and Timothy Dorsey responded to the call. The officers immediately spotted the victim's car proceeding down Chef Menteur Highway away from the crime scene. The officers pursued the vehicle and stopped it on Chef Menteur Highway. As they exited the police car, defendant, who was driving, sped away across the median into oncoming traffic. The officers gave chase. Defendant subsequently lost control of the vehicle and crashed into a brick wall. Both men were apprehended. Two guns were retrieved from the car as well as the victim's purse.
Lesh was contacted and transported to the scene of the crash. She identified the car as her car. She also identified defendant and Richburg as the men who robbed her and stole her car.
On the day of trial, Lesh identified defendant as the man who ordered her out of her car at gunpoint. She testified that the lighting conditions were good on the night of the robbery and that she got a good look at defendant. Both officers identified defendant as the driver of the car.
The only witness for the defense was Wilhelmina Hunter, defendant's mother. Ms. Hunter testified as to her son's lengthy history of mental illness.
Dr. Kenneth Ritter, who had examined defendant, testified that defendant's 75-81 I.Q. did not impair his ability to understand the difference between right and wrong.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The trial court erred in denying defendant's Motion to Suppress Identification;
2) The sentence imposed is excessive;
3) The trial court improperly charged the jury.
Pro se, the defendant asserts his sentence is illegal because it was entered after the Court ordered his appeal. Defendant argues that once his appeal was granted, the trial court was without jurisdiction to sentence him on the multiple bill.

ASSIGNMENT OF ERROR 1:
Defendant asserts that the one-on-one identification by Lesh at the crash scene was highly suggestive and should have been suppressed. We disagree.
One-on-one identifications are generally not favored but are permissible when justified by the overall circumstances, particularly when the accused is apprehended within a relatively short period of time after the crime has been committed and has been returned to the crime scene. State v. Walters, 582 So.2d 317 (La.App. 4th Cir. 1991), writ denied 584 So.2d 1171 (La.1991). This type of identification has been upheld as reliable because prompt confrontation between the defendant and the victim promotes fairness by assuring the reliability of the identification and the expeditious release of innocent suspects. State v. Robinson, 404 So.2d 907, 909 (La.1981), citing, State v. Dauzat, 364 So.2d 1000, 1002 (La.1978).
In order to suppress an identification, a defendant must prove that the identification itself was suggestive and that there was substantial likelihood of misidentification as a result of the identification procedure. State v. Gurley, 565 So.2d 1055, 1062 (La.App. 4th Cir.1990), writ denied, 575 So.2d 386 (La. 1991); citing, State v. Smith, 499 So.2d 340 (La.App. 4th Cir.1986), writ denied, 503 So.2d 14 (La.1987).
Five factors are to be considered in determining the likelihood of misidentification as a result of the identification procedure as outlined in State v. Prudholm, 446 So.2d 729, 738 (La.1984), citing Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977):
"In Manson, the court considered these five factors in determining whether the identification was suggestive: (1) the witness's opportunity to view the defendant at the time the crime was committed; (2) the degree of attention paid by the witness during the commission of the crime; (3) the accuracy of any prior description; (4) the level of the witness's certainty displayed at the time of identification; and (5) *784 the length of time elapsed between the crime and the identification."
If the reviewing court finds that there existed an element of suggestiveness, the court must then decide, under all the circumstances, if the suggestive procedure gave rise to a substantial likelihood of misidentification, or whether the indicia of reliability demonstrates that the identification is accurate. Manson, supra; Prudholm, supra; State v. Holmes, 550 So.2d 249, 251 (La.App. 4th Cir.1990), writ denied, 556 So.2d 56 (La. 1990); State v. Valentine, 570 So.2d 533, 535 (La.App. 4th Cir.1990). The trial court's determination on the admissibility of identification evidence is entitled to great weight and will not be disturbed on appeal in the absence of an abuse of discretion. State v. Bickham, 404 So.2d 929 (La.1981).
In the instant case, Lesh testified that her lawn was well lit by a street lamp. Defendant stood a few feet from her and they were face to face. She stated that her attention was focused because defendant demanded her purse. She was unable to describe their clothing but she remembers that defendant was the shorter of the two men. When she arrived at the scene of her wrecked car, Lesh requested that both men stand up. The police removed them from the police car. When she observed them standing, Lesh immediately recognized them. She stated that the officers did not suggest that they were the men who robbed her. She was certain of her identification which occurred only twenty minutes after the robbery. Under these circumstances there was no substantial likelihood of misidentification.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:
Defendant complains that his sentence of ninety-nine (99) years at hard labor is unconstitutionally excessive.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that "No law shall subject any person ... to cruel, excessive or unusual punishment." A sentence within the statutory limit is unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or if "nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La.App. 4th Cir. 1985). A reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines in Louisiana Code of Criminal Procedure Article 894.1.[1] If adequate compliance with article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Brogdon, supra; State v. Guajardo, 428 So.2d 468 (La.1983); State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
The record shows that defendant was sentenced pursuant to article 894.1. The sentencing transcripts, however, are no longer available. In the fourteen years since his conviction, defendant has never raised the issue of excessive sentence. Where a defendant, through his own lack of diligence, creates a situation where meaningful review of his case is impossible, he may not benefit from his inaction. State v. Clark, 93-0321, (La.App. 4th Cir. 10/27/94), 644 So.2d 1130. Defendant cannot now complain that the trial court did not adequately comply with article 894.1.
The record and the facts of this case support the ninety-nine (99) year sentence. Defendant was sentenced as a second felony offender. His prior felony conviction was for simple burglary. The maximum sentence he could have received was one hundred and ninety-eight (198) years. Defendant was armed with a gun and used it to demand the victim's purse and car. After being stopped by the police, he engaged them in a high speed chase during which he crossed over into oncoming traffic placing other innocent citizens at risk. Defendant was apprehended after he lost control and crashed into a brick wall causing extensive property damage.
*785 Given the facts of this case, we find defendant's sentence is not excessive.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 3:
Defendant alleges the trial court charged the jury "don't come back with a mistrial verdict." The transcript of the jury charges is no longer available. A review of the record shows nothing which supports this allegation. A review of the trial transcript indicates no objection was made during the trial court's charge to the jury. Louisiana Code of Criminal Procedure Article 801 requires that an objection to a jury charge must be raised before the jury retires or within such time as the court may reasonably cure the alleged error. Code of Criminal Procedure Article 841 requires a contemporaneous objection for the issue to be raised on appeal. See, State v. Harrison, 627 So.2d 231 (La.App. 4th Cir.1993).
This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR:
The defendant argues that his multiple bill sentence is illegal because it was entered after the trial court entered his order of appeal and thus the court lacked jurisdiction. We disagree.
Code of Criminal Procedure Article 916 was amended in 1986 to provide that the trial court retains jurisdiction for sentencing under the Habitual Offender Law after an order of appeal has been entered. C.Cr.Pro. Art. 916(8). That statute is to be applied retroactively. State v. Williams, 522 So.2d 1171 (La.App. 4th Cir.1988), citing State v. Abbott, 508 So.2d 80 (La.1987).
This assignment of error has no merit.
For the reasons assigned above, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Our reference to Article 894.1 is as it existed in 1983 prior to its amendment in 1991.