655 So.2d 785 (1995)
STATE of Louisiana
v.
Jason NEVILLE.
No. 95-K-0547.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1995.
*786 Harry F. Connick, Dist. Atty., Mary Casente Glass, Asst. Dist. Atty., David Weilbaecher, Jr., Law Clerk, New Orleans, for Relator/State of La.
Archie Browne Creech, New Orleans, for respondent/defendant.
Before CIACCIO, LOBRANO and PLOTKIN, JJ.
CIACCIO, Judge.
On application of the State, we grant certiorari to consider whether the trial court erred in granting defendant Jason Neville's motion to reconsider sentence.
On July 22, 1992, defendant was charged by bill of information with two counts of possession with intent to distribute cocaine, LSA-R.S. 40:967(B)(1). On September 27, 1993, defendant entered a plea of guilty as charged. In conjunction with the oral guilty plea, defendant signed and initialed a written guilty plea form which contained the following handwritten notation:
This plea is based on an agreement that the defendant will be sentenced to nine years on each count, to run concurrently, and further that the District Attorney will not multiple bill the defendant [who] will get credit for time served. J.N. [Jason Neville's initials].
On October 1, 1993, in accordance with the written plea form, the trial court sentenced Neville to concurrent nine year sentences at hard labor with credit for time served from the day of arrest.[1] The State satisfied its promise pursuant to the guilty plea agreement and did not multiple bill the defendant.
The minute entry dated March 23, 1994 reflects that the trial judge corrected the minute entry dated October 5, 1993, allowing the defense to file a motion to reconsider the sentence within eighteen (18) months of the sentence pursuant to LSA-C.Cr.P. art. 888.1. On January 13, 1995, Neville filed a motion to reconsider the sentence. As the grounds for his motion, defendant alleged in paragraphs III, IV and V that he had served approximately two (2) years of his sentence; that at the time of the offense he had a serious drug problem; and, that he is an extremely talented musician who can make substantial contributions to the community if his sentence is reduced. The State opposed the motion. On March 8, 1995, the trial court granted defendant's motion to reconsider and resentenced him to a period of five years, making him eligible for immediate release. The State objected, filed a motion to reconsider, and sought a stay order, which the trial court denied. The State subsequently applied for an emergency writ of *787 review and stay order. On March 9, 1995, we issued an order and stayed all proceedings in the trial court. We now review the State's application.
LSA-C.Cr.P. art. 881.1, providing for a motion to reconsider sentence, states in part:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
Defendant filed his motion to reconsider in January 1995, fifteen (15) months after the imposition of his sentence. Although the trial court on March 23, 1994 corrected the minute entry of October 5, 1993, stating that he had verbally, in chambers, advised defendant's attorney that the defendant would be allowed to file a motion to reconsider his sentence within eighteen (18) months of imposition of the sentence, the transcript of the sentencing hearing does not reflect that at the time of sentencing the trial judge gave the defendant additional time to file a motion to reconsider the sentence he had imposed. Under these circumstances, we find the trial judge had no authority to reconsider the defendant's sentence.
We previously addressed this same issue in State v. Tillman, 638 So.2d 475 (La.App. 4th Cir.1994). In that case, the defendant pled guilty to purse snatching and was sentenced in September 1992 to five years at hard labor with credit for time served. He filed a motion to reconsider his sentence in May 1994, nineteen (19) months following the imposition of his sentence. Noting that the defendant failed to file his motion to reconsider within the thirty days following the imposition of the sentence and that the trial judge failed to give the defendant additional time within which to file the motion at the time of sentencing, we found the trial court had no authority to reconsider Tillman's sentence.
Additionally, we found that although the trial court, Tillman, and the State all referred to the proceeding in the trial court as a "reconsideration of sentence" it was actually an "amendment of sentence" pursuant to LSA-C.Cr.P. art. 881.
LSA-C.Cr.P. art. 881, providing for amendment of sentence, states:
A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
B. After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. If a sentence is reduced or amended, a copy of the minute entry reflecting the judgment reducing or amending the sentence shall be furnished to the district attorney and the arresting law enforcement agency.
We note that the Official Revision Comment following LSA-C.Cr.P. art. 881 states in part:
[T]he judges [Louisiana district judges] are strongly against any provision, such as Fed.Rule 35, which authorizes reduction of a sentence after the beginning of its execution. Such a procedure can subject the sentencing judge to continuous harassment by the defendant's relatives, friends, and attorneys, and would virtually constitute the judge a "one man pardon board" as several of the judges aptly point out. (Emphasis ours).
In Tillman, we held that because Tillman commenced serving his sentence at hard labor, the trial court had no authority to amend the sentence. Likewise, we find the trial judge in this case, in reducing the defendant's original sentence from nine to five years, merely amended the original sentence and was without authority to do so, as the defendant had already begun serving his sentence at hard labor. The trial judge, in granting defendant's motion to reconsider *788 based on the grounds alleged therein, in effect, acted as a "one man pardon board."
We further note that LSA-C.Cr.P. art. 881.2(A)(2), which provides for review of a sentence, states:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
The record before us indicates that the defendant signed a plea form stating he would accept nine year concurrent sentences with credit for time served if the State would not file a multiple bill. The sentencing hearing transcript reflects that the trial judge imposed the sentence in conformity with the guilty plea agreement. For this reason, we find the defendant was prohibited from seeking review of his sentence.
Accordingly, the writ application filed by the State of Louisiana is hereby granted. The March 8, 1995 judgment of the trial court granting defendant Jason Neville's motion to reconsider sentence and resentencing him to five years at hard labor is reversed and vacated. The original sentence of nine years at hard labor in the Department of Corrections with credit for time served on two counts, with sentences to run currently, is hereby reinstated.
REVERSED AND VACATED; ORIGINAL SENTENCE REINSTATED.
NOTES
[1] Although the Criminal District Court docket master entry indicates that the trial court sentenced the defendant on October 5, 1993, the transcript from the sentencing hearing and the minute entry reflect that sentencing occurred on October 1, 1993.