693 So.2d 249 (1997)
STATE of Louisiana
v.
Wallace WILLIAMS.
No. 96-KA-1587.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1997.
*251 Harry F. Connick, District Attorney, Richard R. Pickens, II, New Orleans, for appellee.
Kevin V. Boshea, Regan & Boshea, P.L.C., New Orleans, for appellant.
Before LOBRANO, PLOTKIN and WALTZER, JJ.
LOBRANO Judge.
Defendant, Wallace Williams, was charged with second degree murder (La. R.S. 14:30.1) and after a jury trial, was found guilty of manslaughter. On March 28, 1996 he was sentenced to thirty years at hard labor. Defendant then filed a written motion for reconsideration on May 13, 1996. The trial court granted the motion and re-sentenced defendant to twenty five years at hard labor without benefit of probation, parole or suspension of sentence.
Defendant appeals his conviction and sentence and the State sought supervisory writs from the trial court's reconsideration of defendant's sentence The state's writ[1] was consolidated with defendant's appeal.

FACTS:
The following facts were adduced at trial:
During the early morning hours of May 29, 1994, New Orleans Police Officer Gustave Bethea received a call regarding a shooting in the 7800 block of Shamrock Street in New Orleans East. Upon arrival at the scene, Bethea observed a black male lying in a grassy area. The officer noted the victim had sustained multiple gunshot wounds to the chest and abdomen. Bethea secured the scene and notified emergency medical services and the NOPD homicide division. Bethea then searched the area and located several shell casings. Three more spent casings were also found by Luther Randolph, a technician with the New Orleans Crime Laboratory. Emergency medical technicians declared the victim dead at the scene.
The investigation of the murder was assigned to Detective Louis Suarez. Detective Suarez determined the homicide occurred in the 14000 block of Linden Street where Officer Bethea had found the shell casings. The victim, mortally wounded, ran to the 7800 block of Shamrock Street where he collapsed and died. The victim was later identified as Randy McKinney. An autopsy revealed McKinney died from four gunshot wounds which caused extensive internal damage and bleeding. Cocaine was also found in McKinney's urine.
Detective Suarez testified that defendant turned himself in to the police and gave a written statement admitting he shot McKinney. Defendant also told the police that he abandoned the car and the rifle used in the murder after the shooting. Police were unable to locate either the gun or the car.
In his written statement, defendant stated that he and McKinney had an ongoing dispute stemming from some damage that defendant believed McKinney had done to his car. When defendant confronted McKinney about the damage, McKinney threatened him. Defendant stated that every time McKinney saw him he threatened him and his family. On the night of the shooting, defendant claimed McKinney again confronted and threatened him. Defendant then went home, retrieved his rifle and went looking for McKinney. He eventually found McKinney in the 14000 block of Linden Street. When defendant called to McKinney, McKinney cursed defendant and began walking towards his car. Defendant said that McKinney then reached under his shirt as if reaching for a weapon. Defendant admitted that he did not see a weapon but believed McKinney was armed. Fearing for his life, defendant shot McKinney and drove away. He abandoned the car and rifle in the vicinity of Hayne Boulevard and Crowder Road.
*252 Israel Esley, McKinney's cousin testified that he was on Shamrock Street when the shooting occurred. He stated that defendant called to McKinney who then walked up to the car. Defendant and McKinney began talking. Suddenly, Esley heard "pop, pop, pop." McKinney then ran towards Shamrock and collapsed. Defendant left the scene. Esley testified that he did not see McKinney make any threatening gestures or pull a weapon. Kent Bondi, defendant's employer, testified that defendant was a good employee and that he had not heard that defendant was in anyway violent.
At trial, defendant claimed he shot McKinney in self defense. His testimony differs from his written statement. Defendant testified he left his house shortly after midnight to make a formal complaint against McKinney at the Seventh District Police Station. McKinney had confronted and threatened him and his family one-half hour earlier. On the way to the police station, defendant saw McKinney. He stated he wanted to tell McKinney to leave him alone because he wanted to end the confrontations. McKinney began to curse him. As McKinney approached his vehicle McKinney raised his shirt and pulled out a black revolver. Defendant then reached for his rifle, which was lying on the seat, and shot McKinney. He then panicked and fled the scene. He stated he shot McKinney three times because he feared for his life.
Later, defendant discussed what had happened with his brother-in-law, who is a police officer. He was advised to surrender to the authorities which he did. Defendant admitted that he gave and signed a statement when he surrendered to the police. However, he said that he did not read the statement and that the statement is in error regarding McKinney not pulling out a weapon from under his shirt.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The trial court erred by denying defendant's motion for recusal;
2) The trial court erred by not allowing the introduction of the entire inculpatory statement;
3) The trial court erred by granting the State's motion in limine prohibiting the introduction of certain "bad acts" alleged to have been committed by the victim;
4) There was not sufficient evidence to support a conviction for manslaughter.
In its application for supervisory writs the State asserts the trial court erred by resentencing defendant in the absence of any properly filed motion to reconsider sentence.

ASSIGNMENT OF ERROR 1:
Defendant asserts the trial court erred in denying his motion for recusal.
Louisiana Code of Criminal Procedure article 674 provides:
[a] party desiring to recuse a trial judge shall file a written motion therefore assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675.
Generally, an oral motion for recusal presents nothing for review. State v. Crothers, 278 So.2d 12, 14 (La.1973), cert. denied, Crothers v. Louisiana, 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973); State v. Williams, 517 So.2d 1268, 1269 (La.App. 4th Cir.1987), writ denied, 520 So.2d 748 (La. 1988). Furthermore, a trial judge is presumed to be impartial. A motion to recuse based upon prejudice, bias or personal interest may be granted only if the prejudice, bias or personal interest is substantial and is based upon more than conclusory allegations. State v. Qualls, 377 So.2d 293, 298-299 (La. 1979). General conclusory inferences do not warrant referral to another judge. Williams, supra at 1269. The trial court has discretion to determine if there is a valid ground for recusation set forth in the motion. State v. Patterson, 432 So.2d 1021, 1024 (La. App. 1st Cir.1983).
*253 In the instant case, defendant did not file a written motion to recuse. On the morning of trial, defendant orally moved for recusation. No grounds were provided to the court. Because, the defendant failed to provide a written motion with grounds for recusal, this court has nothing to review. The trial judge did not abuse its discretion in denying the motion.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:
About three hours after the shooting, the defendant gave a statement to Detective Suarez. Although he did not read the statement verbatim, Suarez testified on direct and cross as to its contents. Defendant complains that the trial court erred when it failed to allow the entire statement to be introduced into evidence and shown to the jury. In support, defendant cites La. R.S. 15:450, which provides:
[e]very confession, admission, declaration sought to be used against any one must be used in its entirety, so that the person affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.
Defendant argues that the statement should have been introduced because of its mitigating impact although he fails to elaborate on specifics.
The language of the above statute makes clear that its purpose is to permit the defendant to have the benefit of any and all explanations that he gave justifying his actions. The State cannot excise or omit exculpatory or mitigating comments from a defendant's statement. After review of Detective Suarez's testimony, we are satisfied that defendant did have the benefit of his entire statement.
The detective's testimony omits nothing from the substance of defendant's statement. In fact, defendant had use of his entire statement during cross examination of Suarez. Only one minor discrepancy was noted in our review of the testimony. In his statement defendant mentioned sugar in his gas tank as part of his trouble with the victim while Suarez testified that it was damage to his (defendant's) car that was part of the trouble.
The above cited statute does not require that the statement be introduced into evidence, only that its use not be restricted. In this case, defendant was not restricted in the use of his statement and the jury heard testimony of its entire contents.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 3:
Defendant asserts the trial court erred by granting the State's motion in limine prohibiting the introduction of McKinney's alleged bad acts.
Louisiana Code of Evidence article 404(A)(2)(a) and (B)(2) provides:
(2) Character of the victim. (a) Except as provided in Article 412, evidence of a pertinent trait of character, such as a moral quality, of the victim of the crime offered by an accused, or by the prosecution to rebut the character evidence, provided that in the absence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of his dangerous character is not admissible.
* * * * * *
(2) In the absence of evidence of a hostile demonstration or an overt act on the part of the victim at the time of the offense charged, evidence of the victim's prior threats against the accused or the accused's state of mind as to the victim's dangerous character is not admissible.
When a defendant pleads self-defense, evidence of the victim's dangerous character or of threats against the defendant is relevant to show the victim was the aggressor and that the defendant's fear of danger was reasonable. State v. Edwards, 420 So.2d 663, 669 (La.1982); State v. Montz, 92-2073 (La.App. 4th Cir. 2/11/94), 632 So.2d 822, 824-825, writ denied, 94-0605 (La.6/3/94), 637 So.2d 499.
For such evidence to be admissible, the defendant must first produce evidence that at the time of the incident the victim made a hostile demonstration or committed an overt act against him of such character that would have created in the mind of a *254 reasonable person the fear that he was in the immediate danger of losing his life or suffering great bodily harm. State v. Gantt, 616 So.2d 1300, 1304 (La.App. 2nd Cir.1993), writ denied, 623 So.2d 1302 (La.1993). An overt act is any act which manifests to the mind of a reasonable person a present intention to kill or inflict great bodily harm. Edwards, supra at 669.
Once evidence of an overt act is established, evidence of the victim's threats to the defendant and of the victim's dangerous character are admissible: (1) to show the defendant's reasonable apprehension of danger justifying his conduct and (2) to help determine who was the aggressor. Edwards, supra at 670.
If the purpose is to show the defendant's reasonable apprehension of danger, it must be shown that the defendant knew of the victim's prior threats or reputation. Edwards, supra, at 670; State v. Eishtadt, 531 So.2d 1133, 1135 (La.App. 4th Cir.1988). Once this knowledge is established, evidence of the victim's character, both general reputation and specific threats or acts of violence against the defendant are admissible. Edwards, supra, at 670.
If the purpose is to show that the victim was the aggressor, there is no requirement that the defendant know of the victim's prior acts or reputation. Eishtadt, supra at 1135.
In the instant case even though the trial court granted the motion, the record shows that defendant was allowed to present testimony of the victim's prior bad acts (damage to his car) and threats to himself and his family. Defendant testified that McKinney had damaged his car and had made numerous threats against him and his family, the last of which occurred only 30 minutes prior to the shooting. He also testified that McKinney cursed him, approached his car and pulled a black handgun from under his shirt. This assignment lacks merit.

ASSIGNMENT OF ERROR 4:
Defendant asserts there was insufficient evidence to support his conviction because the state failed to rebut his testimony that he acted in self defense. We disagree.
When assessing the sufficiency of the evidence to support a conviction, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817, 820 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience, State v. Shapiro, 431 So.2d 372, 378 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198, 1201 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. Jacobs, supra, at 820.
Defendant was convicted of manslaughter. Louisiana Revised Statute 14:31 defines manslaughter as:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; ...
A homicide is justifiable when it is committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. La. R.S. 14:20(1). *255 However, a person who is the aggressor or who initiates a conflict cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict. La. R.S. 14:21. When a defendant claims self-defense, the State has the burden of establishing beyond a reasonable doubt that he did not act in self-defense. State v. Garcia, 483 So.2d 953 (La.1986). The State carried its burden in this case.
Israel Esley, an eyewitness, testified that defendant called McKinney to his car; that a conversation ensued; that McKinney did not make any aggressive move toward defendant or remove a weapon from his shirt and that defendant shot McKinney. The jury obviously believed Esley's rendition of what happened that night. A determination of the weight of the evidence is a question of fact which rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Silman, 95-0154 p. 12, (La.11/27/95), 663 So.2d 27, 35. It is not the function of the reviewing court to assess credibility or reweigh evidence. State v. Rosiere, 488 So.2d 965, 968 (La. 1986).
This assignment of error is without merit.

STATES APPLICATION FOR SUPERVISORY WRITS:
The State seeks review of the trial court ruling granting defendant's motion to reconsider sentence. The State asserts the trial court erred in considering the motion as it was not timely filed pursuant to Louisiana Code of Criminal Procedure article 881.1 which provides:
A. (1) Within thirty days following the imposition of sentence or within a longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
In the instant case, defendant made an oral motion for reconsideration but did not set forth the grounds on which the motion was based. His written motion was not filed until May 13, 1996, more than thirty days following his sentencing on March 28, 1996. The trial court had not set a longer period for the filing of the written motion.
The failure to file a motion to reconsider within the time delays required, prevents the trial court from considering the motion. State v. Neville, 95-0547, pps. 2-5, (La.App. 4th Cir. 5/16/95), 655 So.2d 785, 787-788, writ denied, 95-1521 (La.9/29/95), 660 So.2d 851; State v. Tillman, 94-1093 (La.App. 4th Cir. 6/8/94), 638 So.2d 475, 476. Defendant's oral motion failed to provide a basis for reconsideration. His written motion was not timely filed. Thus, the trial court erred by considering the motion, vacating defendant's original sentence and imposing a new sentence.[2]
For the reasons assigned above, defendant's conviction is affirmed. The granting of defendant's motion to reconsider sentence is reversed. Defendant's sentence of twentyfive years is vacated. Defendant's original sentence of thirty years at hard labor is reinstated.
CONVICTION AFFIRMED; SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED.
PLOTKIN, J., concurs with reasons.
PLOTKIN, Judge, concurring.
Although the language of La. R.S. 15:450 clearly requires a confession to be admitted in its entirety, an exception is established in the jurisprudence when the substance of the statement is otherwise elicited. See, e.g., State v. Arnold, 466 So.2d 520, 526 (La.App. 3d Cir.1985). I concur to suggest that this exception should not be construed so broadly *256 as to eliminate the rule. Instead, I believe the exception should be constrained to those few instances in which the prosecutor has a valid evidentiary purpose in withholding the actual statement from the jury and the information contained in the statement is elicited through competent testimony. To permit testimony to be routinely deemed a satisfactory alternative to the introduction of a confession, over the objection of defense counsel, would violate the clear language and intent of the statute.
NOTES
[1] State v. Wallace, 96-K-1705 (La.App. 4th Cir. 8/26/96).
[2] An errors patent review shows that the sentence imposed on reconsideration was illegal. The trial court imposed a twenty-five year sentence without probation, parole or suspension of sentence. The manslaughter statute does not require the sentence be imposed without benefits. However, because we vacate the sentence because of the untimely motion to reconsider, this issue is moot.