|, JONES, Judge.
The State of Louisiana appeals the ruling of the trial court amending and reducing the sentence of the defendant after he served a portion of that sentence. Finding the issue to be moot, we affirm.
Kendall Copeland was charged by bill of information with possession of phencycli-dine, a violation of La. R.S. JO^OCC).[1] He withdrew his earlier plea and entered a plea of guilty as charged on June 16, 1994. He was sentenced that same day to serve five years at hard labor with credit for time served.[2] On December 5,1997, Copeland appeared in court for a hearing on his request to be allowed to complete the remaining fourteen months of his sentence under Project Return, a rehabilitation program. The trial court released him to the program on that day.
In a single assignment of error, the State now argues that the trial court erred in amending Copeland’s sentence after he had already served more than three and one-half years of the five-year term. The State maintains that such an amendment is prohibited by the Code of Criminal Procedure.
La.C.Cr.P. art. 881, which provides for amendment of sentence, states:
| ¡.A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
B. After commencement of execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation. Should the court consider any motion amending or changing the sentence imposed, either prior to or after execution of the sentence, the district attorney shall be notified and, if such motion is filed by the defendant, it shall be tried contradictorily with the district attorney, unless the district attorney waives such contradictory hearing. [Emphasis added].
Copeland suggests in brief that Section B of article 881 allows the trial court to amend a sentence after service has begun if the district attorney is notified and a contradictory hearing is held. However, Section B obviously applies only to those defendants sentenced to imprisonment “without hard labor and in misdemeanor cases.” Section A, which applies to Copeland in this case, prohibits amending or changing the sentence after commencement of the sentence.
In this case, Copeland’s sentence was final. Under La.C.Cr.P. art. 881, could not be amended after Copeland began serving his sentence because it was a felony offense to be served at hard labor. Therefore, the trial court did not have the authority to amend his sentence once he began serving his properly imposed felony sentence at hard labor. State v. Neville, 95-0547 (La.App. 4 Cir. 5/16/95), 655 So.2d 785, writ denied, 95-1521 (La.9/29/95), 660 So.2d 851.
*226 The State asks that this Court reverse the trial court’s ruling. However, as Copeland points out, the trial court amended the sentence in December of 1997 and allowed him to spend the last fourteen months of his sentence in a rehabilitative program. Copeland would have been released at the end of February of 1999, and | she now contends that the issue is moot.
The Louisiana Supreme Court addressed this issue in State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. In Johnson, the State took writs to the Supreme Court because the defendant was sentenced to thirty months rather than the minimum mandated twenty-year sentence for a fourth felony offender convicted of possession of cocaine. Meanwhile, the defendant was released from prison after serving the thirty-month sentence imposed by the trial court. The Supreme Court considered whether the question of the legality of the defendant’s thirty-month sentence was rendered moot by his release from prison. The Court looked to La. C.Cr.P. art. 882 which states that “[a]n illegal sentence may be corrected at any time ... by an appellate court on review.” Moreover, Comment (a) to Article 882 states that “[t]he phrase ‘at any time’ makes clear the court’s authority to make a correction after the defendant has begun to serve the sentence.” The Supreme Court held that under article 882 an illegal sentence may be corrected after a defendant’s release from incarceration, and the Court remanded the case to the trial court for sentencing in accordance with the twenty-year minimum mandated by the Habitual Offender Law, giving the defendant credit for the time already served.
The difference between State v. Johnson and the case at bar is that in Johnson, the defendant had served only thirty months— an illegally lenient sentence — of the mandated term of twenty years; in the case at bar Copeland served the minimally mandated term of five years — albeit some portion without hard labor — before being released from custody. Thus, this case is distinguishable from State v. Johnson because Copeland completed his prison term. In Johnson, the Supreme Court vacated the thirty-month sentence and ordered the trial court to resentence the defendant to the minimum required by law with credit for time Lserved. In the case at bar, Copeland has already served the five year sentence that was imposed upon him. Reimposing the original sentence on him would mean increasing the term he served to six years and two months.
Accordingly, because Copeland’s prison term — the minimum required by law — has been served, we find the issue of whether the trial court erred in amending his sentence to be moot.

AFFIRMED.

. Copeland was also charged in case number 368-608 with possession of stolen property worth more than $500. He pleaded guilty to that charge and was sentenced as second felony offender to five years.

. At the sentencing hearing on June 16, 1994, the trial court stated, “I told your lawyer if the Court accepts these guilty pleas, on the PCP charge, you’re going to receive five years at hard labor ... and the state will not file a multiple bill against you.”