841 So.2d 42 (2003)
STATE of Louisiana
v.
Ernest HUNTER.
No. 2002-K-2742.
Court of Appeal of Louisiana, Fourth Circuit.
February 19, 2003.
Harry F. Connick, District Attorney, Kathleen S. Billings, Assistant District Attorney, New Orleans, Louisiana, for Relator.
Christian M. Comarda, New Orleans, Louisiana, for Respondent.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MAX N. TOBIAS JR., Judge DAVID S. GORBATY).
WILLIAM H. BYRNES III, Chief Judge.
We grant the writ application of the relator, the State of Louisiana, in order to consider the State's demand that the ninety-nine year sentence of the defendantrespondent, Ernest Hunter, be reinstated.
The defendant was charged by bill of information with armed robbery. He was arraigned on December 23, 1982 and pled not guilty by reason of insanity. On January 6, 1983, following a lunacy hearing, the trial court found relator unable to understand the charges against him and ordered him committed to the Feliciana Forensic Facility. On April 21, 1983, a lunacy hearing *43 was held to determine relator's competency to stand trial. The trial court found relator able to assist in his defense. Following trial on May 17, 1983, relator was found guilty as charged. He was sentenced on July 18, 1983 to serve ninetynine years at hard labor without benefit of parole. On July 25, 1983, the State filed a multiple bill. Relator was subsequently adjudicated a second offender. His original sentence was vacated, and he was resentenced to serve ninety-nine years at hard labor without benefit of parole. His conviction and sentence were affirmed on an errors patent appeal. State. v. Hunter, unpub., KA-2103 (La.App. 4 Cir. 12/10/84). On December 23, 1991, this court granted relator an out of time appeal pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990). His conviction and sentence were again affirmed on appeal. State v. Hunter, 92-2535 (La.App. 4 Cir. 4/13/95), 654 So.2d 781, writ den. 95-1217 (La.10/6/95), 661 So.2d 464.
At some point later[1], possibly on November 22, 2002, the defendant through counsel filed an application for post conviction relief/motion to reconsider sentence averring that his sentence be reconsidered. On December 6, 2002, the court held a hearing on what the minute entry refers to as a "motion to correct an illegal sentence." The trial court granted the motion and resentenced the defendant, over the State's objection, to forty years without the benefit of probation, parole, or suspension of sentence, under La. R.S. 15:529.1. The State noted its intent to seek writs and the court set a return date for December 20, 2002. This writ application followed.
The underlying facts of the crime for which the defendant was convicted are not relevant to this writ, but they are set forth in an earlier opinion of this Court. State v. Hunter, 92-2535 (La.App. 4 Cir. 4/13/95), 654 So.2d 781.
The State is before this Court arguing that the trial court was procedurally barred from reconsidering the defendant's sentence, and furthermore, that on appeal this Court had already considered the defendant's argument that his sentence was excessive and found it to be without merit.
First, it should be noted that, although the minute entry refers to a motion to correct an illegal sentence, there is no indication that the defendant's sentence was illegal as not being within the statutory range. The sentencing range for a second offender at the time of the defendant's offense was thirty-three years to one hundred ninety-eight years without the benefit of probation, parole, or suspension of sentence pursuant to La. R.S. 14:64 and La. R.S. 15:529.1; the defendant's sentence was within that range. Instead, in his motion to reconsider sentence, the defendant argues excessiveness, and the court at the December 6th hearing specifically stated that it found that the defendant's sentence of ninety-nine years was "excessive."
The State is correct that this Court on appeal specifically rejected the defendant's claim that his sentence was excessive. Hunter, p. 6, 654 So.2d at 784. The Court, while acknowledging that the sentencing transcripts were not available due to the age of the case, noted that the facts of the case and the record itself supported the sentence. Id., p. 7. Thus, his claim is barred under La.C.Cr.P. art. 930.4.
*44 Furthermore, the defendant's present attack on his sentence is barred on other procedural grounds. No claims regarding sentencing can be raised via an application for post conviction relief. See State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172, where the Court stated in a per curiam opinion: "La. Code Crim.Proc. art. 930.3, which sets out the exclusive grounds for granting postconviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction." Additionally, as argued by the State, the court lacked jurisdiction to reconsider a sentence imposed twenty years previously.
La.C.Cr.P. art. 822 provides in pertinent part:
A. (1) Should the court on its own motion or on motion of the defendant consider setting aside a guilty verdict or a plea of guilty or, after the sentence is imposed, consider amending or modifying the sentence imposed, the district attorney shall be notified and the motion shall be tried contradictorily with the district attorney unless the district attorney waives such contradictory hearing.
(2) Such motions include but are not limited to motions for a new trial, motions in arrest of judgment, motions for amendment, modification, or reconsideration of sentence, and motions for modification of conditions of probation or termination of probation.
In State v. Neville, 95-0547 (La.App. 4 Cir. 5/16/95), 655 So.2d 785, the defendant moved the court to reconsider or modify his sentence fifteen months after the sentence was imposed and made executory. This Court held the trial court was without authority to consider the motion. This Court discussed when a motion for modification of sentence under art. 822 may be made:
We previously addressed this same issue in State v. Tillman, 638 So.2d 475 (La.App. 4th Cir.1994). In that case, the defendant pled guilty to purse snatching and was sentenced in September 1992 to five years at hard labor with credit for time served. He filed a motion to reconsider his sentence in May 1994, nineteen (19) months following the imposition of his sentence. Noting that the defendant failed to file his motion to reconsider within the thirty days following the imposition of the sentence and that the trial judge failed to give the defendant additional time within which to file the motion at the time of sentencing, we found the trial court had no authority to reconsider Tillman's sentence.
State v. Neville, 95-0547 at p. 3, at 655 So.2d at 787. This Court also found that the motion to reconsider was really a motion to amend the defendant's sentence, which under La.C.Cr.P. art. 881 must be filed, in a case where a defendant is sentenced to serve hard labor, prior to the commencement of execution of the sentence. Because the defendant had already begun serving his sentence, the court was without authority to modify or amend his sentence under either art. 822 or 881.
Here, the defendant apparently moved the court to modify or amend his sentence almost twenty years after it became executory. As per Neville and Tillman, the court was without authority to do so. Thus, the trial court erred by reducing the defendant's sentence.
Finally, it makes no difference whether the defendant filed a "motion to reconsider sentence" (a copy of a pleading with that caption is attached to the State's writ application), or a motion to amend the sentence. As per La.C.Cr.P. art. 881.1, a motion to reconsider sentence must be filed within thirty days of the imposition of *45 sentence unless the trial court at sentencing sets a longer period to file the motion. See State v. Williams, 96-1587 (La.App. 4 Cir. 4/16/97), 693 So.2d 249. There is nothing in this case to indicate there was a timely filed motion to reconsider, which would not be surprising when one considers that art. 881.1 was not enacted until 1987, several years after sentencing. Thus, the court could not consider the motion to reconsider sentence, and it erred in doing so.
For the foregoing reasons, we find that the State's writ application has merit. Accordingly, the defendant's forty-year sentence imposed on December 6, 2002 is hereby vacated, and the original sentence of ninety-nine years at hard labor pursuant to La. R.S. 15:529.1 is hereby reinstated.
WRIT GRANTED; FORTY-YEAR SENTENCE VACATED; NINETY-NINE YEAR SENTENCE REINSTATED
NOTES
[1] The State refers to a presentence investigation report from the year 2000, but there is no indication in the record before this Court to explain why the court might have ordered a PSI in 2000.