| JOAN BERNARD ARMSTRONG, Chief Judge.
The defendant, Michael Mosley, was charged by bill of information on September 9, 2002, with armed robbery in violation of La. R.S. 14:64. At his arraignment on September 16, 2002, he entered a plea of not guilty. After a hearing on November 13, 2002, the trial court found probable cause to bind the defendant over for trial and denied the motion to suppress the identification. A trial begun on August 18, 2003, was declared a mistrial on August 20, 2003. A twelve-person jury found the defendant guilty as charged after a two-day trial on August 21 and 22, 2003.
On September 3, 2003, the defendant was sentenced to serve ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. The State then filed a multiple bill charging the defendant as a second felony offender. A hearing was held that same day, and a fingerprint expert testified that the fingerprints taken from the defendant in court that day matched those on the arrest register from his simple robbery guilty plea in 1999. After the testimony, the defense attorney argued that there was no point in resentencing the defendant as a second offender because his sentence was already the maximum term of ninety-nine years without benefits. The judge agreed and decided to put off consideration | gof the multiple bill for a week. The defense attorney then filed a motion to reconsider the sentence which the judge agreed to consider at the next hearing. On September 10, 2003, the defendant was found to be a multiple offender, his earlier sentence was vacated, and he was sentenced to serve ninety-nine years at hard labor with *1221 out benefits of parole, probation, or suspension of sentence. The defense attorney did not object to the sentence and did not bring up the motion for reconsideration of sentence.
The facts are not at issue in this appeal.
The defendant contends his sentence is excessive; he also complains that the trial court did not rule on the motion for reconsideration of sentence. He asks that the case be remanded for such a ruling. However, the record indicates that the motion was made on September 3, 2003, after the judge imposed the first ninety-nine year term. That sentence was vacated on September 10, 2003, and a sentence under the multiple offender law was imposed. The defense attorney did not object or file a motion for reconsideration of the sentence imposed on September 10, 2003.
Thus, the first question is whether the lack of a ruling on the motion for reconsideration is properly before this court. La. C.Cr.P. art. 881.1 provides in pertinent part:
A. (1) Within thirty days following the imposition of sentence or within a longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence. [Emphasis added.]
[[Image here]]
B. The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * *
13E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
In the case at bar, a motion for reconsideration of the multiple offender sentence was never filed. The failure to file a motion to reconsider within the time delays required prevents the trial court from considering the motion. State v. Williams, 96-1587 (La.App. 4 Cir. 4/16/97), 693 So.2d 249, 255; State v. Neville, 95-0547 (La.App. 4th Cir.5/16/95), 655 So.2d 785, 787-788; State v. Tillman, 94-1093 (La.App. 4th Cir.6/8/94), 638 So.2d 475, 476. This motion was not filed as to the existing sentence, and the defendant is therefore precluded from raising an objection to the sentence on appeal. Accordingly, appellate review of this issue is precluded, and this assignment of error is without merit.
Accordingly, the defendant’s conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED