UNITED STATES of America

v.

John DICKENSON.

Crim. No. 86–00034–B–01.

United States District Court,
D. Maine.

Oct. 26, 1987.

Jay P. McCloskey, Asst. U.S. Atty., Bangor, Me., for plaintiff.

Andrew Siket, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION OF PREVIOUS DENIAL OF REQUEST FOR REDUCTION OR MODIFICATION OF SENTENCE

GENE CARTER, District Judge.

The above-entitled matter is before the Court on the Defendant's further motion, in the form of a letter, for reconsideration of this Court's action of July 23, 1987 on the Defendant's prior Motion to Reduce Sentence (Fed.R.Crim.P. 35), filed on December 9, 1986. The former motion was timely filed within one hundred twenty (120) days of this Court's entry of Judgment and Commitment on December 4, 1986. The present motion, however, filed on October 13, 1987, is well beyond the 120–day period.

Federal Rule of Criminal Procedure 35(b) provides:

A motion to reduce a sentence may be made, or the court may reduce the sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment or conviction or probation revocation.

This timely filing requirement of Rule 35 is jurisdictional. *United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *United States v. Ames,* 743 F.2d 46, 48 (1st Cir.1984). The import of the jurisdictional content of the Rule 35 requirement is that the Court loses jurisdiction over the sentence for purposes of modification pursuant to the Rule if a timely motion for modification of the sentence is not filed within the 120–day period specified. The filing of a motion to reconsider a prior timely motion which is itself filed beyond the 120–day period does not revest the Court with jurisdiction once the period has elapsed. *United States v. Inendino,* 655 F.2d 108, 110 (7th Cir.1981); *United States v. Hetrick,* 644 F.2d 752 (9th Cir. 1980). The filing of the second motion is not deemed to relate back to the time of filing of the first motion. *United States v. United States District Court,* 509 F.2d 1352 (9th Cir.), *cert. denied, sub nom. Roselli v. United States,* 421 U.S. 962, 95 S.Ct. 1949, 44 L.Ed.2d 448 (1975); *see also United States v. Dansker,* 581 F.2d 69, 72 (3d Cir.1978).

The Court finds the motion for reconsideration to be untimely filed and concludes that it is without jurisdiction over said motion. Accordingly, Defendant's aforesaid motion is hereby DISMISSED.

So ORDERED.