TERRI F. LOVE, Judge.
|, The State filed a bill of information, charging the defendant-appellee, Mr. Malcolm Perkins with one count of violating La. R.S. 40:967(C)(2), possession of crack cocaine. The defendant entered a plea of not guilty at his arraignment. At the close of trial, the jury found Perkins guilty of possession of cocaine. Thereafter, the State filed a multiple bill, charging defendant as a four time felony offender to which defendant pled not guilty. The trial court adjudged defendant a four time felony offender and sentenced him to the minimum sentence of twenty years incarceration at hard labor with the benefit of parole.
The defendant filed a Motion to Reconsider Sentence, which was denied by the trial court. The defendant made an appeal to this Court, which was denied. Defendant sought an amendment of his sentence, filing a Motion to Correct Illegal Sentence and later filed a memorandum in support of his motion. The trial court denied this motion. In 2007, the defendant filed a Motion to Reconsider Sentence, which was granted by the trial court. The State later filed a motion for reconsideration of sentence.
We hold that the trial court lacked the authority to grant the defendant’s March 2, 2007 motion to reconsider sentence. The trial court’s denial of the |2State’s motion to reconsider sentence, and the trial court’s 2007 resentencing of defendant are reversed.
FACTUAL AND PROCEDURAL HISTORY
On January 26, 2000, the State of Louisiana charged Malcolm Perkins (hereinafter “Perkins” or “defendant”) by bill of information with one count of violating La. R.S. 40:967(0(2), possession of crack cocaine. On February 11, 2000, Perkins appeared before the trial court for arraignment and pled not guilty to the charge. On March 16, 2000, the trial court heard defendant’s motion to suppress evidence and held a preliminary hearing. At defendant’s request, the trial court continued the hearing as an open matter. Defendant’s pre-trial motions were heard on May 19, 2000. At the close of the hearing, the trial court found probable cause and denied Perkins’ motion to suppress.
On July 11, 2001, the State brought its case against Perkins to trial. Prior to trial, Perkins elected to have his case tried before a jury. The State introduced eleven exhibits and presented testimony from five individuals. The defendant introduced one exhibit and presented no testimony. The jury found Perkins guilty of possession of cocaine.
Defendant appeared before the trial court for sentencing on August 10, 2001. The trial court denied defendant’s motion for new trial, and the State filed a multiple bill charging defendant as a four time felony offender to which defendant pled not guilty. On November 27, 2001, the trial court conducted a hearing on the State’s multiple bill wherein the State elicited testimony from a latent fingerprint examiner and introduced eight exhibits. At the close of the State’s case the trial court deferred ruling and sentencing until a later date. On January 25, 2002, the trial court adjudged defendant a four time felony offender and sentenced him to the | ^minimum sentence of twenty years incarceration with the Department of Corrections at hard labor with the benefit of parole. The defendant objected to being adjudged a fourth felony offender and made an oral motion to appeal the verdict.
*795 On February 22, 2002, the defendant filed a written motion to reconsider sentence wherein his counsel wrote: “The claim is made specifically on the grounds of excessiveness ... which will of course include a request for a Dorthey downwards departure from the minimum sentence on the basis of defendant’s lifelong addiction to drugs.” On November 6, 2002, the trial court conducted a hearing on defendant’s motion for reconsideration of sentence. At the hearing, defendant’s counsel argued in part:
Your Honor, the major argument is we’re asking for a for a Dorthy [sic] departure. Your Honor, found him a fourth offender. He has a long long history of — he has a very veiy long history of narcotic offences [sic] because he is an addict. And — but looking at the case involved at bar what we are talking about is a man who had apparently from the testimony and the Crime Lab report, he had one tenth of a gram of cocaine that was in his possession. Not even ten dollars worth of cocaine, Judge. And though, your Honor, in finding him a fourth offender gave him the minimum sentence of twenty years, I think that that is still far far too heavy for him. It is far too great an imposition really upon all of us in the State to entertain five hundred thousand dollars to incarcerate the man for the next twenty years for one tenth of a gram of cocaine.
The trial court denied defendant’s motion, stating:
On the motion for reduction of sentence or appeal to the Court for a Dorothy [sic ], Mr. Perkins, we just had a bench conference and I’m going through your history as I did at the time of the sentencing. And I just explained to Mr. Doskey the things that concerned me at that time still do. That it’s just no previous convictions for drug offenses, but it is previous arrest for aggravated battery. There are victim crimes in here along with the other cocaine offenses with the criminal history dating back to 1973 for different arrests. And therefore, the Court declines to 14amend the sentence under 15:529.1.
The present controversy stems from defendant’s recent attempts to secure an amendment of his sentence. Specifically, defendant filed a motion to correct illegal sentence and later filed a memorandum in support of his motion.
AMENDMENT OF SENTENCE
Defendant argued via his memorandum in support of his Motion to Correct Illegal Sentence that his sentence was rendered illegal as a result of recent legislative enactments. In particular, defendant asserted that with act 403 of 2001, the Legislature created the Risk Review Panel to evaluate certain prisoners and help the pardon board determine whether clemency or parole was appropriate in specific cases. Excluded from consideration were those prisoners convicted under the habitual offender law. In 2006, the Legislature passed Act 45, enacting La. R.S. 15:308, which provides:
A. (1) The legislature hereby declares that the provisions of Act No. 403 of the 2001 Regular Session of the Legislature provided for more lenient penalty provisions for certain enumerated crimes and that these penalty provisions were to be applied prospectively.
(2) The legislature hereby further declares that Act No. 45 of the 2002 First Extraordinary Session of the Legislature revised errors in penalty provisions for certain statutes which were amended by Act No. 403 of the 2001 Regular *796 Session of the Legislature and that these revisions were to be applied retroactively to June 15, 2001, and applied to any crime committed subject to such revised penalties on and after such date.
B. In the interest of fairness in sentencing, the legislature hereby further declares that the more lenient penalty provisions provided for in Act No. 403 of the 2001 Regular Session of the Legislature and Act No. 45 of the 2002 First Extraordinary Session of the Legislature shall apply to the class of persons who committed crimes, who were convicted, or who were sentenced according to the following provisions: R.S. 14:66.2(D), 62.1(B) and (C), 69.1(B)(2), 70.1(B), 82(D), 91.7(C), 92.2(B), 92.3(C), 106(G)(2)(a) and (3), 106.1(C)(2), 119(D), 119.1(D), 122.1(D), 123(C)(1) and (2), 352, and 402.1(B), R.S. 15:529.1(A)(l)(b)(ii) and (e)(ii), 1303(B), andJ¿1304(B), R.S. 27:262(C), (D), and (E), 309(C), and 375(C), R.S. 40:966(B), (C)(1), (D), (E), (F) and (G), 967(B)(1), (2), (3), and (4)(a) and (b), and (F)(1), (2), and (3), 979(A), 981, 981.1, 981.2(B) and (C), and 981.3(A)(1) and (E), and Code of Criminal Procedure Art. 893(A) prior to June 15, 2001, provided that such application ameliorates the person’s circumstances.
C. Such persons shall be entitled to apply to the Louisiana Risk Review Panel pursuant to R.S. 15:574.22.
Defendant asserted that his original sentence was now rendered illegal by virtue of the fact that La. R.S. 15:308 clearly applies to individuals sentenced pursuant to La. R.S. 15:529.1(A)(l)(e)(ii). Further, defendant argued that the trial court could correct the illegality by virtue of the fact that it is empowered by La.C.Cr.P. art. 882 to correct illegal sentences at any time. Nevertheless, the trial court denied defendant’s motion on January 31, 2007, and wrote:
On July 11, 2001, following a jury trial, the defendant was convicted of Possession of Cocaine. Defendant was ultimately sentenced as a multiple offender to the Department of Corrections.
Defendant has filed a Motion to Correct Illegal Sentence relying on LRS 15:308.
The Louisiana Supreme Court has determined that pursuant to LRS 15:308 an individual’s exclusive remedy is to apply to the Louisiana Risk Review Panel. State v. Dick, 06-KP-2223, c/w State v. Smith, 06-KK-2226, (La.2007), LRS 15:574.22.
Based on the foregoing, defendant’s Motion to Correct Illegal Sentence is hereby denied.
On March 2, 2007, defendant filed a motion to reconsider sentence wherein defendant wrote:
[The defendant] respectfully requests this Court to revisit the Motion to Reconsider the Sentence originally filed on February 22, 2002. On information and belief the Court had indicated at that time that it had based its decision on erroneous information regarding the Defendant’s criminal history. More particularly, statements were made regarding the Defendant’s criminal history on November 6, 2002, when the Motion to Reconsider the Sentence was denied.
For the reasons stated above and for other reasons to be brought forth to this Court’s attention, we respectfully request that this motion be granted.
IfjAt the July 11, 2007 hearing on defendant’s motion, counsel for defendant argued as follows:
Mr. Perkins, while incarcerated, and we’ve shown the Court photo *797 graphs and a certificate, and we can provide this or copy, he has passed the National Driving Academy in Green-berg, Louisiana that he has successfully completed one hundred and sixty hours of instruction in tractor-trailer training. And we have photographs and the certificate that we’ve shown the Court.
Judge, the point of this is, what we have here is a gentleman who is fifty years old, been in jail for over nine years for a tenth of a gram of cocaine and has clearly rehabilitated himself. He is of the age where I do not believe the threat of recidivism is great.
And based upon recent legislation, which may or may not directly apply to this, I think it is the direction of the legislature, in the courts that I’ve been in, to look for a way to allow these people to get back into society.
You have a procedural vehicle, Judge, through the motion to reconsider sentence and he has served nine years. This means that if he had been sentenced to eighteen years no bill he would have been—
The Court: I don’t think he’s served nine years.
Mr. Raspanti: He’s been in since '99, so maybe he served eight years. I’m sorry, Judge, the nine years was in my head, but since 1999. So he has served a considerable amount of time and he hasn’t wasted that time, obviously.
A tenth of a gram, Judge. I understand about multiple bills. I understand about being a fourth offender. But the prior convictions he had were possession of cocaine, possession of cocaine, possession of marijuana second.
I mean he used drugs. He used drugs and that’s why he’s here. And I would respectfully request that that Court would — has the vehicle and would be doing the correct thing to allow this man to go on with his life.
His mother is here and he will be supporting her and she’s come every time, every time, and she just asked me, you know, “Are we going to be able to do this?” And I don’t know the answer to that, Judge. But I think it’s the right thing for the 17Court to do.
Further, in regards to the proper procedural vehicle, defense counsel stated:
And whait I’m telling you is right now this court has the clear opportunity to correct this sentence which I think is excessive. And you have a right to do this and we have a right to revisit it.
A motion to reconsider can be revisited at anytime, a motion to reconsider the motion to reconsider.
The trial court then ruled on defendant’s motion, stating:
All right. The Court’s had this case on its docket too many times to even recount and I’ve looked at the case each time and I rarely go back on decisions that I make.
But I’m not so closed minded as to not revisit something should the proper procedure, procedural vehicle be filed with me with a proper request for release.
The Court notes that it’s not without irony, I guess, some sense of happenstance, irony that 7/11/01 is when Mr. Perkins was convicted of this charge by a jury for possession of cocaine. And I remember the jury trial in this matter.
The State has reviewed the case today, as it has other times. And, I guess, controlling me at this point or *798 weighing on me is the fact that Mr. Perkins, he does have a lengthy criminal history. That goes without saying. It is primarily for narcotics, although there are some battery arrests that concern me.
However, in reviewing all the sentences from those prior cases, I believe the most Mr. Perkins ever got sentenced to was four years. And at the last conviction for some reason the motion to quash the multiple bill was granted.
The Court imposed the State [sic ] had established the multiple bill and the Court imposed a statutory mandatory minimum guideline sentence of twenty years in the Department of Corrections.
However, the Court finds that upon reviewing the motion to reconsider sentence that with, I guess, the benefit of my years on the bench now, the term of sentence may not be commensurate with the violation at hand.
And as such under a Dorothy [sic ] review the Court finds that the imposition of twenty years would be excessive and impose |seruel and unusual punishment for the crime of possession of cocaine in the amount of one tenth of a gram.
And if memory serves me correctly, there was another person in the car at the time of the offense or the time Mr. Perkins was pulled over?
[[Image here]]
At this time the Court is going to depart from 15:529.1 sentence and impose a sentence, under motion to reconsider sentence, of ten years as a multiple offender vacating the sentence of January 25, 2002 and sentencing the defendant to ten years in the Department of Corrections under 15:529.1.
Relief granted in granting motion to reconsider sentence.
Following the court’s ruling, the State lodged an objection and notified the court that it intended to seek writs. However, the State never sought writs from the trial court’s July 11, 2007, ruling. Instead, the State filed a motion for reconsideration of sentence on August 13, 2007.[1] The parties argued the merits of the State’s motion before the trial court on September 19, 2007. The transcript of the hearing reflects that the State attempted to argue that the trial court should not have granted the defendant’s motion to reconsider because it was untimely, thus questioning the trial court’s jurisdiction to revisit the issue of defendant’s sentence. However, counsel for defendant objected to the State’s jurisdictional attack on the trial court’s July 11, 2007, ruling. Further, the trial court forbade the State from putting an argument on the record with regards to the timeliness of the defendant’s 2007 motion to reconsider and denied its motion from the bench.
The State then filed a motion for appeal on October 12, 2007.[2] The record |awith regards to the present appeal was lodged with this Court on January 17, 2008. The State filed its memorandum on February 11, 2008, whereas the defendant has yet to file an opposition memorandum.
*799 The record presently before this Court says virtually nothing about the facts regarding defendant’s underlying conviction. Indeed, the facts underlying defendant’s 2001 conviction for possession of cocaine are not relevant to the issue on appeal. Nevertheless, the record contains a pro se Motion to Suppress, filed on April 7, 2001, which paraphrases the police report accordingly:
[A Ms.] Williams drove to the location alone, parked her car and then walked to Perkins’ car who had also just drove up. Ms. Williams appeared to exchange something with Perkins. While Perkins was sitted on the drivers side of the car. Williams then walked to 1212 Esplanade where a white male who was already on the porch granted her entry to the building. As the door open [Officer] Joseph alleged to see the occupant of the apt., described as a bald head white male late 30’s, etc. After five mins Ms. Williams returned to Perkins car entering on the passenger’s side, thereafter exiting Perkins car and went back into 1212 Esplanade. There after Williams exited 1212 Esplanade and passengered the Cadillac and drove away. A few blocks away she was arrested for her part in the distribution. [Sic throughout].
Presumably, Perkins was also arrested shortly after the foregoing transaction.
MOTION FOR RECONSIDERATION
In its sole assignment of error, the State asserts that the trial court erred in denying its motion for reconsideration wherein it attempted to argue that the trial court was not authorized to reconsider the sentence previously imposed upon defendant. Specifically, the State argues that the trial court lacked the authority or jurisdiction to modify the defendant’s original sentence because it became final several years ago. Further, the State cites to La.C.Cr.P. art. 881.1, which provides that motions for reconsideration of sentence are to be brought within thirty days Imfollowing the imposition of sentence or within such longer time as the trial court may set at the time of sentence. Additionally, the State cites to State v. Gedric, 1999-1213 (La.App. 1 Cir. 6/3/99), 741 So.2d 849, wherein the First Circuit held that La. C.Cr.P. art. 881.1’s thirty-day deadline prohibits a trial court from reconsidering its sentencing decision once the deadline has passed.
We find that the trial court lacked jurisdiction in 2007 to modify defendant’s original sentence. Thus, the State’s assignment of error has merit.
In City of Shreveport v. Jones, 172 La. 833, 135 So. 373, 374 (1931), the Supreme Court noted that “the dismissal of an appeal in a criminal case has all the effect of an affirmance of the conviction and sentence.” Thus, defendant’s conviction and sentence were rendered final in 2002 when he voluntarily dismissed his appeal in this Court.
The Louisiana Code of Criminal Procedure does not provide a procedural vehicle with which to modify a sentence that has become final. La.C.Cr.P. art. 881 states in part:
A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence.
B. (1) After commencement of the execution of sentence, in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation.
*800 La.C.Cr.P. art. 881 is inapplicable to the facts of the present case because: 1) the transcript of the sentencing hearing indicates that the sentence for defendant’s felony conviction was at hard labor; 2) defendant’s sentence became final, and thus its execution commenced, after he voluntarily dismissed his appeal |nin this Court. Thus, La.C.Cr.P. art. 881 provides no procedural vehicle with which to amend the present sentence.
La.C.Cr.P. art. 881.1 also provides:
A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
* * *
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
However, La.C.Cr.P. art. 881.1 does not provide a procedural vehicle to the trial court’s actions because: 1) defendant’s 2007 motion to reconsider sentence was filed more than thirty days after the imposition of sentence; and 2) the trial court set no longer period within which to file a motion to reconsider sentence.
La.C.Cr.P. arts. 882(A) and 916 are also germane to the present discussion. Specifically, art. 882(A) states in part: “An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.” Moreover, La.C.Cr.P. art. 916 provides:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
2) Correct an error or deficiency in the record.
3) Correct an illegal sentence or take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
4) Take all action concerning bail permitted by Title VIII.
11?5) Furnish per curiam comments.
6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
7) Impose the penalty provided by Article 844.
8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
Nevertheless, La.C.Cr.P. arts. 882 and 916 cannot be applied in the present case to affirm the trial court’s resentencing of defendant because the trial court failed to find the 2002 sentence illegal. The trial court denied the defendant’s motion to correct illegal sentence on January 81, 2007. In granting the motion to reconsider sentence the trial court did not find that the defendant’s January 25, 2002 sentence was illegal. Rather, the trial court found that the sentence was unconstitutionally excessive pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993).
Additionally, La.C.Cr.P. arts. 882 and 916 are inapplicable to the present case because a finding that a given sentence is constitutionally excessive is not the equivalent of finding it illegal. La.C.Cr.P art. 882 is based, in part, on F.R.C.P. Rule 35, *801 federal decisions interpreting Rule 35 provide guidance for interpreting La.C.Cr.P. art. 882. State v. Fraser, 471 So.2d 769 (La.App. 1 Cir.1985). Specifically, federal jurisprudence provides that a sentence “is illegal when it is not authorized by law; for example, when the sentence is ‘in excess of statutory provision or otherwise contrary to the applicable statute.’ ” U.S. v. Peltier, 312 F.3d 938, 942 (8th Cir.2002).
The federal courts have held that the timely filing requirement of Rule 35 is jurisdictional. United States v. Addonizio, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). The Rule 35 timeliness requirement is that the district court loses |-i ¿jurisdiction over the sentence for purposes of modification pursuant to the Rule if a timely motion for modification of the sentence is not filed within the period specified within the statute. U.S. v. Dickenson, 673 F.Supp. 2, 3 (D.Me.1987). The filing of a motion to reconsider a prior timely motion which is itself filed beyond the 120-day period does not revest the Court with jurisdiction once the period has elapsed. U.S. v. Inendino, 655 F.2d 108, 110 (7th Cir.1981). Hence, the filing of the second motion is not deemed to relate back to the time of filing of the first motion. U.S. v. U.S. Dist. Court, 509 F.2d 1352 (9th Cir.1975). Therefore, contrary to defendant’s assertion, a trial court may not revisit a previously denied motion to reconsider. La.C.Cr.P. arts. 882 and 916 do not provide the necessary procedural vehicles with which to justify the trial court’s actions.
In State v. Neville, 95-0547 (La.App. 4 Cir. 5/16/95), 655 So.2d 785, the defendant pled guilty to two counts of possession with intent to distribute cocaine on September 27, 2003. On October 1, 1993, the trial court sentenced the defendant to concurrent nine year sentences at hard labor. On March 23, 1994, the trial court corrected the minute entry from the sentencing date, allowing the defendant to file a motion to reconsider sentence within eighteen months of the imposition of sentence.[3] On January 13, 1995, the defendant filed a motion to reconsider sentence on the grounds that at the time he was arrested he was addicted to drugs, he had already served two years of his sentence, and, if released, he could make a valuable contribution to society. The trial court granted the defendant’s motion to reconsider on March 8, 1995, and resentenced the defendant to a period of five years, thus making him available for immediate release. The State soughtjj^review with this Court.
On review, this Court held that the trial court’s actions were not warranted by La. C.Cr.P. art. 881. Specifically, this Court wrote
In [State v.] Tillman, [638 So.2d 475 (La.App. 4 Cir.1994),] we held that because Tillman commenced serving his sentence at hard labor, the trial court had no authority to amend the sentence. Likewise, we find the trial judge in this case, in reducing the defendant’s original sentence from nine to five years, merely amended the original sentence and was without authority to do so, as the defendant had already begun serving his sentence- at' hard labor. The trial judge, in granting defendant’s motion to reconsider based on the grounds alleged therein, in effect, acted as a ‘one man pardon board.’
Neville, 95-0547, pp. 3-4, 655 So.2d at 787-788.
Additionally, in State v. Gedric, 99-1213 (La.App. 1 Cir. 6/3/99), 741 So.2d 849, the defendant pled guilty to theft in excess of *802 $1,000 and was sentenced to a maximum term of ten years. Further, the defendant filed a motion to reconsider sentence, which the trial court denied. On appeal, the defendant argued that his sentence was excessive. However, the First Circuit disagreed with defendant and affirmed his sentence in 1997. Two years later the defendant filed a pro se motion to modify and/or amend sentence in which he asked the trial court to modify his original sentence because he had “used the time of incarceration wisely.” Gedric, 99-1213, p. 2, 741 So.2d at 851. The trial court granted the defendant’s motion, holding that it had authority under La.C.Cr.P. art. 822 to amend the defendant’s sentence. In discussing the statutory framework concerning the modification of sentences, the appellate court wrote:
A trial court may correct an illegal sentence at any time. Only those claims relating to the legality of the sentence itself under the applicable sentencing statutes may be raised in a motion to correct an illegal sentence.
Even if the sentence is legal, the court “may amend or change the sentence, within the legal limits of its discretion, prior to the | ^beginning of execution of the sentence,” After commencement of execution of the sentence, “in felony cases in which the defendant has been sentenced to imprisonment without hard labor and in misdemeanor cases, the sentencing judge may reduce the sentence or may amend the sentence to place the defendant on supervised probation.”
After appeal attempts are exhausted, the trial court lacks jurisdiction to take any action in a criminal proceeding other than the actions specified in La.Code Crim.P. art. 916 (none of which authorize a change in a legal sentence), or “as otherwise provided by law” (such as to handle an application for a writ of habe-as corpus or an application for postcon-viction relief). Under article 916(3), the trial court retains jurisdiction to correct an illegal sentence or to take other appropriate action pursuant to a properly made or filed motion to reconsider sentence.
For felony cases in which the defendant has been sentenced to imprisonment at hard labor (as in this case), there is no authorization for the court to amend the sentence after execution of the sentence has begun unless the court grants a timely filed motion to reconsider sentence. A motion to reconsider sentence must be filed within 30 days after imposition of sentence (unless the court at sentencing sets a longer time). An “out-of-time” motion to reconsider sentence is not contemplated by the Code of Criminal Procedure nor allowed by the jurisprudence. If the court grants a motion to reconsider sentence, it may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
Article 822 does not purport to modify jurisprudential or statutory authority for consideration of a motion to reconsider sentence. The statutory framework, set out above, prevents a judge from becoming a “one man pardon board.” Accordingly, the trial court’s ruling of May 14, 1999, modifying defendant’s sentence to time served hereby is vacated, and defendant’s original sentence of ten years at hard labor is reinstated.
Gedric, 1999-1213, pp. 3-4, 741 So.2d at 851-852, citations omitted.
In State v. Hunter, 2002-2742 (La.App. 4 Cir. 2/19/03), 841 So.2d 42, the defendant was tried and found guilty of armed robbery on May 17, 1983. The trial court sentenced the defendant to ninety-nine years on July 18, 1983. On July 25, 1983, *803 the trial judge adjudged the defendant a second offender and resentenced him to ninety-nine years at hard labor. The defendant appealed, and his conviction |1Band sentence were affirmed first on an errors patent appeal in 1984 and again on an out of time appeal in 1995. In 2002, the defendant filed a motion to reconsider sentence wherein he argued that his original sentence was excessive. Shortly thereafter, the trial court granted the defendant’s motion and resentenced the defendant to forty years imprisonment. The State sought review of the trial court’s resentencing, arguing that the trial court was procedurally barred from reconsidering the defendant’s sentence. This Court reviewed the applicable statutory scheme and concluded that the trial court lacked the authority to modify the defendant’s original sentence.
We find that the trial judge in the instant case lacked the jurisdictional authority to grant the defendant’s March 2, 2007, motion to reconsider sentence. In so holding, we note that while the substantive nature of the defendant’s sentence does not appear to be commensurate with the crime committed, the trial court was without a procedural mechanism to properly modify the defendant’s sentence. Therefore, the trial court erred when it failed to grant the State’s motion to reconsider sentence.
DECREE
Accordingly, the trial court’s denial of the State’s motion to reconsider sentence, and the trial court’s 2007 resentencing of defendant are reversed.
REVERSED.

. The State’s motion was timely filed within the thirty day deadline for such motions because August 11, 2007, was a Saturday.

. La.C.Cr.P. art. 881.2(B) provides that the State may appeal or seek review of a sentence if the sentence imposed was not in conformity with the applicable enhancement provisions under La. R.S. 15:529.1 and the State objected at the time the sentence was made or filed a motion to reconsider the sentence.

. This Court’s opinion notes that the transcript of the sentencing hearing contains no mention of additional time within which to file a motion for reconsideration of sentence.