liThe defendant was charged with the distribution of marijuana in violation of La. R.S. 40:966(A), and with distribution of cocaine in violation of La. R.S. 40:967(A). The defendant pleaded not guilty, but was found guilty after a bench trial.
*968 The defendant timely filed motions for appeal after sentencing and multiple billing. The defendant’s convictions and multiple bill status were affirmed by this Court, and the matter was remanded for the trial court to designate the conviction for which the sentence was enhanced in the original habitual offender sentencing and to impose an enhanced sentence for the other conviction. The defendant was resentenced and, again, timely appealed. Because we find that the trial court erred in its sentencing of the defendant, we vacate both thirty-year habitual offender sentences and remand for further proceedings consistent with this opinion.

FACTUAL BACKGROUND

The dispositive issues of this appeal are procedural. Therefore, the factual background is immaterial.

PROCEDURAL HISTORY

Sabrina Dowell was charged by bill of information with distribution of cocaine (“Count One”), a violation of La. R.S. 40:967(A), and distribution of | ^marijuana (“Count Two”), a violation of La. R.S. dO^G/A).[1] Ms. Dowell pleaded not guilty at her arraignment. The trial court denied Ms. Dowell’s motion to suppress the evidence. Ms. Dowell was tried by a judge and found guilty as charged on both counts. Ms. Dowell was sentenced to five years at hard labor as to Count One, and five years at hard labor as to Count Two, both counts to run concurrently. The trial court adjudicated Ms. Dowell a fourth-felony habitual offender, as to both convictions,[2] and sentenced her to twenty years at hard labor as a fourth-felony habitual offender. Ms. Dowell filed a motion for appeal, which was granted.
This Court affirmed Ms. Dowell’s convictions. State v. Dowell, unpub., 09-0260 (La.App. 4 Cir. 9/9/09), 17 So.3d 523. However, as this Court noted in its decision, the trial court failed to sentence Ms. Dowell as a habitual offender on both counts as charged in the habitual offender bill of information, imposing only one enhanced sentence, and failing to designate which conviction the enhanced sentence was imposed upon. This Court also noted that the trial court failed to vacate the original sentence before sentencing Ms. Dowell as a habitual offender, but that this error did not affect Ms. Dowell’s substantive rights. Therefore, this Court concluded that no error required correcting. Accordingly, this Court affirmed the one enhanced sentence, and remanded the case to the trial court to:
|s(l) designate the conviction for which the sentence was enhanced in the original habitual offender proceeding; and (2) impose an enhanced sentence for the other conviction.
*969 Dowell, unpub., 09-0260, p. 22, 17 So.3d 523.
Ms. Dowell filed a pro se writ application alleging that the trial court failed to comply with this Court’s order on remand, seeking, inter alia, to have this Court vacate the habitual offender adjudication. In response thereto, this Court ordered the trial court to comply within sixty (60) days “with this court’s order to designate which sentence was enhanced in the original habitual offender proceeding and to impose an enhanced sentence for the other conviction.” State v. Dowell, unpub., 10-0604, p. 1 (La.App. 4 Cir. 5/19/10).
Ms. Dowell then filed a pro se writ application complaining that the trial court had not complied with this Court’s order on remand from her appeal or this Court’s May 19, 2010 order from Writ No. 2010-K-0604. Subsequently, this Court issued an order directing the trial court to furnish proof that the “resentencing” was scheduled. State v. Dowell, unpub., 10-1069 (La.App. 4 Cir. 8/2/10).
The trial court vacated “all previous sentences imposed,” and resentenced Ms. Do-well as a fourth-felony habitual offender to thirty years at hard labor on Count One and thirty years at hard labor on Count Two, both sentences to run concurrently. The trial court also denied Ms. Dowell’s motion for a downward departure from the minimum sentence under the Habitual Offender Law, denied Ms. Dowell’s motion to reconsider the sentences, and granted Ms. Dowell’s motion for appeal. The trial court forwarded this Court a per curiam with | ¿attachments as proof that it complied with this Court’s order. Consequently, this Court denied Ms. Dowell’s writ application as moot. State v. Dowell, unpub., 10-1069 (La.App. 4 Cir. 9/23/10).

ERROR ON REMAND

Ms. Dowell asserts that the trial court erred in not following the remand order set forth by this Court in its disposition of Ms. Dowell’s original appeal, in which this Court affirmed both of Ms. Dowell’s convictions and the single enhanced sentence of twenty-years at hard labor as a fourth-felony habitual offender. Given that the trial court imposed only one habitual offender sentence, when the habitual offender bill of information charged that Ms. Dowell was a fourth-felony habitual offender as to both instant convictions (which was permissible[3]), this Court remanded the case and expressly directed the trial court to: “(1) designate the conviction for which the sentence was enhanced in the original habitual offender proceeding; and (2) impose an enhanced sentence for the other conviction.” Dowell, unpub., 09-0260, p. 22, 17 So.3d 523.
On remand, the trial court vacated the single enhanced habitual offender sentence that this Court affirmed, and sentenced Ms. Dowell as a habitual offender on both convictions. In vacating the one enhanced sentence that this Court affirmed, the trial court stated: “[Pjursuant to the order directed to this Court by the Fourth Circuit Court of appeal I will vacate all previous sentences imposed in this case.... ” The trial court erroneously vacated the habitual offender sentence |fithis Court affirmed on appeal instead of following this Court’s order on remand to designate which con- *970 vietion the habitual offender sentence was imposed upon.
The State argues that the trial court had the authority to “correct” the twenty-year habitual offender sentence affirmed by this Court on appeal because it was illegally lenient, citing La.C.Cr.P. art. 882(A)(“An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.”) The State also cites State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, for the proposition that “at any time” as used in La.C.Cr.P. art. 882(A) “means just that.”
In Johnson, the Louisiana Supreme Court granted the State’s application for writ of certiorari and vacated a sentence of thirty-months at hard labor imposed on the defendant as a fourth-felony habitual offender, when the statutory minimum sentence under the Habitual Offender Law was twenty-years at hard labor. Johnson, 97-1906, p. 11, 709 So.2d at 678. The court vacated the defendant’s sentence and remanded the case “with instructions to obtain the defendant’s presence in court and sentence him for a determinate term of incarceration of no less than the minimum required under the Habitual Offender Law.” Id. In a footnote, the Court noted that, although the defendant was released from his thirty-month sentence, it could, under the authority of La.C.Cr.P. art. 882(A), providing that an illegal sentence may be corrected “at any time,” address the legality of the defendant’s sentence.[4] Johnson, 97-1906, p. 1, fn. 2, 709 So.2d at 673, fn. 2.
At no time did the trial court in the instant case find that the one twenty-year habitual offender sentence imposed on Ms. Dowell was illegal. In the instant case, the State did not seek review in this Court of an alleged illegal sentence, either by | (-.application for supervisory review or by appeal. Nor did the State raise the issue of an illegal sentence at any time in the trial court. The State did note at the sentencing hearing on remand from this Court’s disposition of Ms. Dowell’s appeal that it was “suggesting” that the minimum sentence as a fourth-felony habitual was thirty years. However, that statement followed a statement by the State, as to this Court’s appeal disposition and remand order, that it believed the trial court was to designate the conviction for which the one sentence was enhanced “and impose [sic] enhancement for the other conviction.” Thus, the State did not argue that the sentence already enhanced — which sentence this Court had affirmed in its disposition of Ms. Dowell’s appeal — was illegal, or that it should be modified in any way.
In State v. Perkins, 08-0078 (La.App. 4 Cir. 6/25/08), 988 So.2d 793, the trial court sentenced the defendant on January 25, 2002, as a fourth-felony habitual offender to the minimum sentence of twenty years at hard labor. The defendant timely filed a motion to reconsider sentence, seeking a downward departure from the minimum sentence. Perkins, 08-0078, p. 3, 988 So.2d at 795. The motion to reconsider was not heard until November 6, 2002, at which time the trial court denied it. Id. The defendant appealed to this Court in 2003, but the appeal was dismissed on the defendant’s motion. Perkins, 08-0078, 988 So.2d 793. At some unspecified date, the defendant filed a motion to correct an illegal sentence, which the trial court denied. Perkins, 08-0078, p. 5, 988 So.2d at 796. Subsequently, on March 2, 2007, the defendant filed a motion to reconsider sentence, *971 which the trial court granted, vacating the original twenty-year sentence and resen-tencing the defendant to ten years at hard labor. Perkins, 08-0078, pp. 7-8, 988 So.2d at 797-98. The State appealed, and this Court reversed. Perkins, 08-0078, p. 16, 988 So.2d at 808. In reaching its holding, this Court noted that, while La. C.Cr.P. art. 882(A) expressly stated that an illegal sentence may be corrected at any time by the court that imposed the sentence, La.C.Cr.P. art. 882 could not be applied in the case to affirm the trial court’s resentencing of the defendant because at no time did the trial court find that the original twenty-year sentence imposed in 2002 was illegal. Perkins, 08-0078, p. 12, 988 So.2d at 800. The trial court in Perkins, when granting the March 2, 2007 motion for reconsideration, simply found the original 2002 sentence was unconstitutionally excessive pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993). Id.
Similarly, in the instant case, for the same reason there is no merit to the State’s argument that the trial court’s vacating of the one sentence for which Ms. Dowell was sentenced to twenty-years as a fourth-felony habitual offender, and its re-sentencing of her to thirty years on that count, was merely the trial court’s exercise of its authority under La.C.Cr.P. art. 882(A) to correct an illegal sentence. Just as in Perkins, supra, the trial court in the instant case never found the original habitual offender sentence to be illegal, either explicitly or implicitly.
Accordingly, the trial court erred in vacating the habitual offender sentence it had already imposed. Thus, at least one of the thirty-year habitual offender sentences the trial court imposed on remand on August 18, 2010, must be vacated and the original twenty-year habitual offender sentence imposed on February 13, 2009, reinstated. However, the trial court failed to follow this Court’s instructions on remand from this Court’s disposition of Ms. Dowell’s first appeal to designate the conviction for which the sentence was enhanced in the original habitual offender proceeding. The record before this Court contains nothing from which this Court can identify which conviction was originally enhanced. Therefore, this |sCourt is unable to vacate only one of the thirty-year sentences and reinstate the twenty-year sentence the trial court vacated on remand. Accordingly, this Court cannot determine which conviction was the one the trial court originally failed to enhance, and thus cannot determine which thirty-year sentence should be reviewed for excessiveness, as raised by Ms. Dowell in her instant appeal.
Considering that this Court thoroughly reviewed the entire record in reviewing Ms. Dowell’s original appeal and could not ascertain which of the two convictions for which the sentence was enhanced in the original habitual offender proceeding, and further considering that the trial court has, at most, only that same record to consider, it is apparent that the trial court will be unable to ascertain which of the two convictions listed in the habitual offender bill of information (which bill of information the record in the instant appeal does not contain) was the one for which Ms. Dowell received the original twenty-year habitual offender sentence. Therefore, we must vacate both thirty-year habitual offender sentences and remand.
Accordingly, we vacate both thirty-year habitual offender sentences and remand. The trial court is instructed to: reinstate its original habitual offender sentence of twenty-years at hard labor for one of the convictions in the habitual offender bill of information and impose a habitual offender sentence for the other conviction listed in the habitual offender bill of information.

*972
DECREE

For the foregoing reasons, we vacate both thirty-year habitual offender sentences imposed on Ms. Dowell and remand to the trial court for further proceedings consistent with this opinion.
SENTENCES VACATED; REMANDED

. Ms. Dowell was jointly indicted with Ronald Joseph, who was charged with possession of cocaine and second offense possession of marijuana. The two were jointly tried, and Mr. Joseph was acquitted on both counts.

. The record in the instant case does not contain a copy of the habitual offender bill of information filed by the State showing that the State charged Ms. Dowell as a habitual offender as to both of the instant convictions. However, Ms. Dowell does not dispute that fact. A docket master entry also reflects that Ms. Dowell was charged only as a third-felony habitual offender. However, the minute entry from the date of the habitual offender hearing reflects that the State introduced evidence of three prior convictions. A minute entry states that the trial court found Ms. Dowell a “quadruple" offender, and the record in the instant case contains documents evidencing three prior convictions in the cases listed in the February 10, 2009 minute entry (with one case apparently listed incorrectly in the minute entry as # 496-264, that case number obviously being # 446-264, the case contained in the record).

. See Dowell, unpub., 09-0260, pp. 5-6, 17 So.3d 523, citing State v. Shaw, 06-2467, p. 20 (La.11/27/07), 969 So.2d 1233, 1245 (sentences from multiple convictions obtained on the same date may be enhanced under the Habitual Offender Law, La. R.S. 15:529.1); State v. Harvey, 08-0217, p. 7, fn. 3 (La.App. 4 Cir. 5/13/09), 12 So.3d 496, 501, fn. 3 (noting that defendant convicted on same date of two drug offenses could be sentenced as a habitual offender on both convictions, citing Shaw, supra.).

. In Johnson, the State sought review of the alleged illegally lenient sentence. 97-1906, 709 So.2d at 672.