MADELEINE M. LANDRIEU, Judge.
iiThe defendant, Ricky J. Jones, was convicted of possession of heroin and sentenced as a second offender. . He appeals asserting only one assignment of error: that his sentence is excessive. ,

STATEMENT OF THE CASE

Mr. Jones was arrested on January 14, 2013 and subsequently charged with one count of possession of heroin in violation of La. R.S. 40:966(0(1). On February 28, 2013, Mr. Jones was arraigned'and pled not guilty. Subsequently, the trial court found probable 'cause and denied the defendant’s motions to ■ suppress the evidence, statements, and identifications. The defendant requested a bench trial, which was held on August 7, 2014.- He was found guilty as charged. On November 13, 2014, the defendant was sentenced to four years at hard labor, credit for time served. The State later filed a habitual offender bill of information against the defendant as a second’ felony offender. While the multiple bill hearing was pending, the defendant filed a motion for appeal of his conviction and sentence.
On April 7, 2015, the multiple bill hearing was held. At the conclusion of the hearing, the trial court found the defendant to be a second felony offender and 12sentenced him to twelve years and six months imprisonment at hard labor.[1] The trial court granted the defendant’s motion for appeal on the same date. Subsequently, on May 5, 2015, Mr. Jones filed a *824 motion to reconsider his sentence in the trial court.
The facts of the case are not pertinent to this appeal.

ERRORS PATENT

A review of the record for errors patent reveals two. First, the trial court failed to inform the defendant at the multiple bill hearing that his sentence was to be served at hard labor without benefit of probation or suspension of sentence in accordance with La. R.S. 15:529.1(G).[2] Although the minute entry indicates that the imposed sentence was to be served at hard labor, the transcript of the multiple bill hearing reflects that the trial court merely stated the defendant was to serve twelve years, six months. Despite this omission, however, pursuant to La. R.S. 15:301.1(A) and State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, the sentence is deemed to have been imposed with the restrictions of benefits. See also: State v. Byrd, 2012-0556, p. 14 (La.App. 4 Cir. 6/5/13), 119 So.3d 801, 809-810. Therefore, this Court need not take any action to cure this error.
The second error patent is that the trial court failed to rule on the defendant’s May 5, 2015 motion to reconsider his sentence. This Court has repeatedly held that it is procedurally incorrect to review a defendant’s sentence prior to the trial Iscourt’s ruling on a motion to reconsider sentence. See: State v. Foster, 2002-0256, p. 3 (La.App. 4 Cir. 9/11/02), 828 So.2d 72, 74; State v. Ferrand, 2003-1746 (La.App. 4 Cir. 1/14/04), 866 So.2d 322; State v. Allen, 99-2579 (La.App. 4 Cir. 1/24/01), 781 So.2d 88.
The trial court’s failure to rule on the motion to reconsider sentence does not preclude appellate review of the defendant’s conviction. Foster, 2002-0256, p. 3, 828 So.2d at 74. Because the pending motion to reconsider makes appellate review of the sentence premature, however, the appellate court must then remand the matter to the trial court for a ruling on the motion to reconsider sentence. See: State v. Ferrand, supra; State v. Allen, supra; State v. Taylor, 2008-0517 (La.App. 4 Cir. 1/28/09), 2009 WL 282734 (unpub.).

CONCLUSION

Because Mr. Jones’ sole assignment of error relates to his sentence, we affirm his conviction and remand this case to the district court for a ruling on his motion for reconsideration of sentence, reserving to Mr. Jones the right to appeal his sentence once the district court has ruled on his motion.
CONVICTION AFFIRMED; REMANDED

. The defendant had pled guilty in 2010 to one count of distribution of cocaine.

. This statute provides that any sentence imposed under the provisions of the habitual offender law, La. R.S. 15:529.1, "shall be at hard labor without benefit of probation or suspension of sentence.”