DANIEL L. DYSART, Judge.
_]jln this appeal, Defendant-appellant, Sabrina Dowell, appeals her sentence as a fourth felony offender. For the reasons that follow, we affirm in part, vacate in part, and remand.
FACTS AND PROCEDURAL BACKGROUND
On January 9, 2008, Sabrina Dowell was charged by bill of inforfnation with one count of distribution of a controlled dangerous substance (cocaine) and a second count of distribution of a controlled dangerous substance (marijuana). After the trial court denied Ms. Dowell’s motion to suppress and found probable cause, the matter proceeded to trial on October 29, 2008. Ms. Dowell was found guilty on both counts. She was sentenced to five years at hard labor, on each count,, with both sentences to run concurrently. She was then adjudicated a fourth felony offender and sentenced to twenty-years at hard labor.
This Court affirmed her convictions, finding that the twenty-year sentence was not excessive. State v. Dowell, unpub., 09-0260 (La.App. 4 Cir. 9/9/09), 2009 WL 8678646 (Dowell I). However, in its error patent review, this Court found that | athe trial court imposed only a single enhanced sentence and failed to sentence her as a habitual offender on both counts, as charged in the habitual offender bill of information. This Court remanded the matter to the trial court to designate which of the two convictions the Court had imposed the enhanced sentence on and to impose an enhanced sentence for the other conviction.
■ On remand, the trial court vacated all of Ms: Dowell’s prior sentences and resen-tenced her as a fourth felony habitual offender, sentencing her to thirty-years at hard labor as to the first count and thirty-years at hard labor as to the second count, with both 'sentences to run concurrently. State v. Dowell, 11-0171, p. 4 (La.App. 4 Cir. 10/5/11), 75 So.3d 967, 969 (Dowell II). In addition, ■ the trial court denied Ms. Dowell’s motion for a downward departure from the minimum sentence under the Habitual Offender Law and denied her motion to reconsider the sentence. Id. Ms. • Dowell appealed those rulings. Id.
On appeal, this Court found that the trial court erroneously set aside one of the twenty-year enhanced sentences previously imposed as that particular sentence had been affirmed on appeal. Id., pp. 4-5, 75 So.3d at 969-70. This Court’s directive to the trial court'in Dowell T had simply been to designate which of the two convictions had been the predicate for the one enhanced sentence imposed (the other directive was to impose an enhanced sentence for the remaining conviction). The twenty-year sentence affirmed in Dowell I became final when this Court’s decision became final, as no application for rehearing was filed and no writ application was filed with the Supreme Court. See, e.g., *246 State v. Carson, 495 So.2d 307, 308, n. 1 (La.App. 4th Cir.9/12/86) (a judgment on appeal becomes final when “the-, delay for applying for. rehearing expire[s] and no application had been made. LSA-G.Cr.P; art, 922(B).”). . See. also, La.C.Cr.P. art, 922 D (“If an application for a writ of review is,timely filed' with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ.”). Because it was final, the Dowell II Court. reinstated the twenty-year sentence.
However, this Court found error .in the trial court’s imposition of the thirty-year sentence as that was not “merely the trial court’s exercise of its authority under La. C.Cr.P. art.' 882(A) to correct an illegal sentence.” Dowell II., p. 7, 75 So.3d at 971. Accordingly, the Dowell II Court vacated the thirty-year sentence, noting that the trial court had again failed to designate the conviction for which the enhanced sentence had been imposed. It likewise noted that, because of the failure of the trial court.to do so, it was not possible to “determine which thirty-year sentence should be reviewed for excessiveness, as raised by Ms. Dowell in her instant appeal.” Id., p. 8. 75 So.3d at 972. The Court, therefore, vacated both sentences and again remanded the case to the trial court to impose a habitual offender sentence for the other conviction listed in the habitual, offender bill of information. Id. /
After the matter was remanded, the trial court conducted a resentencing hearing on January 13, 2012. The trial court then resentenced Ms. Dowell as a fourth-felony habitual offender and imposed. a thirty-year sentence on the first [4count and a sentence of twenty-years on the second count, with both sentences to run concurrently, with credit given for time served. Ms.. Dowell timely appealed that ruling; however,' the motion was apparently not properly processed, and on September 28, 2015, the trial court granted her an out-of-time appeal.
DISCUSSION

Errors patent

A review of the record reveals two errors patent. First, in resentencing Ms. Dowell as a fourth-felony habitual offender on her conviction for distribution of cocaine, the trial court failed to stipulate that the first two years of the thirty-year sentence be served without the benefit of parole, as provided for by La. R.S. 40:967 B(4)(b), .as it read at- the time of the offense in 2007. In addition, the trial court failed to stipulate that each habitual offender sentence be served without the benefit of probation or suspension of sentence, as provided for by La. R.S. 15:529.1 G. However, La. R.S. 15:301.1 A provides, in pertinent part:
When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence
Accordingly, our jurisprudence has recognized that “this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the 15statute.” State v. Williams, 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799. See also, State v. Jones, 15-0839, p. 2 (La.App. 4 Cir. 12/30/15), 184 So.3d 822, 824. As we held in Jones, in this case, Ms. Dowell’s sentence- “is *247 deemed to have been imposed with the restrictions of benefits.... Therefore, this Court need not take any action to cure this error.” Id.

Habitual offender sentences

In her sole assignment of error, Ms. Dowell maintains that the. sentences of twenty and thirty-years “are excessive under the circumstances, particularly because the trial court failed to consider her ‘elder status’ and her motivation for selling drugs to support her addiction.” The issue of the excessiveness of the twenty-year sentence was addressed by this Court in Dowell I. In that case, Ms. Dowell argued that her sentence was constitutionally excessive, noting that she “is a drug addict whose cocaine use goes back nearly nineteen years.” Dowell I at * 10.
As we have already noted, the twenty-year sentence (on' the second count, as clarified by the trial court in its January 13, 2012 resentencing hearing) became final when thisj Court’s decision in Dowell // became final. No further review of that sentence may be had. Accordingly, the question now before this Court concerns only the thirty-year sentence and whether that sentence is excessive under the circumstances.
Ms. Dowell’s most recent conviction for possession with the intent to distribute cocaine carries a sentence of “imprisonment at hard labor for not less | fithan two years nor more than thirty-years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence.” La. R.S. 40:967 B(4)(a). Under the Habitual Offender Law, La. R.S. 16:629.1 A(4)(a), if the fourth or subsequent felony, as a first offense, would carry a sentence of less than a lifetime, the offender “shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty-years and not more than his natural life.” (Emphasis added). Under the Habitual Offender Law, therefore, the trial court was required to impose a sentence of thirty-years, as the mandatory statutory minimum sentence.
The question, therefore, is whether the trial court erred in denying Ms. Dowell’s motion for a downward departure from the thirty-year habitual offender sentence. Ms. Dowell maintains that the trial court has never “conducted a meaningful’ hearing” on that motion and, therefore, this Court should remand the case to the trial court with instructions “to consider Ms. Dowell’s age in light of recent decisions by the. present Court and the Louisiana Supreme Court indicating that older-age defendants may have a strong argument that their ‘elder status’ should be considered as a factor that makes them ‘exceptional,’ warranting a downward departure.”[1] She likewise maintains that this Court should instruct the |7trial court to consider her “motivation for selling drugs to support her addiction,” as addressed in recent decisions of this Court,
In her first appeal (Dowell I), Ms. Do-well filed a Motion for Downward Departure from the Statutory Minimum Established by the Habitual Offender Law. Ms. Dowell argued that, being 42' years old at the time of her conviction, “a mandatory *248 minimum sentencé of thirty-years ... would make no measurable contribution to the acceptable goals of punishment.” The trial court denied the motion and, on appeal, this Court considered the following facts in response to Ms. Dowell’s argument that she “is a drug addict whose cocaine use goes back nearly nineteen years,” Do-well I, at *10:
Defendant was thirty-years old on the date of her sentencing as a fourth-felony habitual offender on February 13, 2009. She was convicted in the instant case of distribution of marijuana and distribution of cocaine. Her three prior convictions charged in the habitual offender bill of information were the results of three guilty pleas: in September 2004 to possession of cocaine; in January 2003 to possession of cocaine; and in January 1990 to possession with intent to distribute crack cocaine.
Dowell I, at *12. After reviewing cases dealing with excessive sentence claims, this Court held:
Considering the facts and circumstances, it cannot be said that defendant has established by clear and convincing evidence that she is exceptional, i.e., that because of unusual circumstances she is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. It cannot be said that defendant’s twenty-year minimum sentence makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and.is grossly out of proportion to the severity of the crime.
IsId. at *9.
Dowell II focused on the State’s contention that the' trial court’s imposition of thirty-yeaf habitual offender sentences was an exercise of its authority to correct an illegal sentence under La. C.Cr.P. art. ■882 A, an argument rejected by this Court. Dowell II, p. 7, 75 So.3d at 971. The issues of whether a thirty-year sentence was excessive and whether the trial court should have granted a downward departure from the minimum sentence were not addressed in Dowell II.
After this matter was again remanded to the trial.court by Dowell II, a resentencing hearing was scheduled for January 13, 2012. No motions were filed after Dowell II and before the January 13, 2012 hearing. Likewise, the transcript of the hearing reflects that, after the trial court resentenced Ms. Dowell, her counsel made an objection and indicated an intent “to file writs and appeals,” although no specific reason was expressed for the objection. Accordingly, prior to and at the January 13, 2012 resentencing hearing, no motion for a downward departure was made or argued. However, because Ms. Dowell raised the issue of the excessiveness of the thirty-year sentences in Dowell II, and because Ms. Dowell’s objection at the January 13, 2012 hearing likely concerned the issue of excessiveness, we now turn to that issue.[2]
Excessiveness of thirty-year sentence _k
The excessiveness of Ms. Dowell’s thirty-year sentence has never been addressed by the trial court. The excessive *249 ness issue was raised as to the twenty-year sentences as set forth in Dowell I. When the resentencing hearing was held in 2010 (Dowell II), the trial court summarily denied the motion for a downward departure and imposed the two thirty-year sentences. Based on our jurisprudence on this issue, a hearing on this issue of the excessiveness of the thirty-year sentence is warranted; and we, therefore, vacate the thirty-year sentence and remand this matter to the trial court to conduct a hearing pursuant to La. La. C.Cr.P. art. 894.1 C.
“Article I, § 20 of the Louisiana Constitution prohibits not only ‘cruel’ and ‘unusual’ punishment, but ‘excessive’ punishment as well.” Amos, 15-0954, p. 14, 192 So.3d 822. As the Louisiana Supreme Court has recognized, the minimum sentences imposed upon multiple offenders under the Habitual Offender law “are presumed to be constitutional, and should be accorded great deference by the judiciary.” State v. Lindsey, 99-3256, 99-3302, p. 4 (La.10/17/00), 770 So.2d 339, 342. Courts do have the power, though, “to declare a sentence excessive under Article I, Section 20 of the Louisiana Constitution even though it falls within the statutory limits provided by the Legislature.” Id.
It is the defendant’s burden to rebut the presumption that a mandatory minimum sentence is constitutional. State v. Hall, 14-1046, p. 15 (La.App. 4 Cir. 5/13/15), 172 So.3d 61, 70, writ denied, 15-0977 (La.6/5/15), 169 So.3d 348. |inCourts have consistently held that a sentence may be constitutionally excessive, even though it falls within the statutory limit, “when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering.” State v. Williams, 11-0414, p. 26 (La.App. 4 Cir. 2/29/12), 85 So.3d 759, 775, quoting State v. Smith, 01-2574, p. 7 (La.1/14/03), 839 So.2d 1, 4. See also, State v. Ladd, 15-0772, p. 5 (La.App. 4 Cir. 4/13/16), 192 So.3d 235 (“a sentence is excéssive if it makes no measurable contribution to acceptable goals of punishment and thus is nothing more than the purposeless and needless imposition of pain and suffering, or is grossly disproportionate to the severity of the crime”). “To rebut the presumption that a mandatory minimum sentence is constitutional, a defendant must clearly and convincingly show that: [she] is exceptional, which in this context means that because of unusual circumstances, [she] is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” Hall, 14-1046, p. 15, 172 So.3d at 70 (Citations omitted).
Louisiana Code of Criminal Procedure Article 894.1 C provides that “[t]he court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” When an appellate court reviews an excessive sentence claim, it must determine whether the trial court “adequately complied with the statutory guidelines in La. C.Cr.P. Art. 894.1, as well as whether Inthe facts of the case warrant the sentence imposed.” State v. Parker, 12-0588, pp. 12-13 (La.App. 4 Cir. 3/20/13), 112 So.3d 366, 373.
Here, the trial court articulated no reasons for its denial of Ms. Dowell’s motion for a downward departure from the minimum sentence or the considerations taken into account for imposing the thirty-year sentence. As we found in State v. Ellis, 14-1170, pp. 3, 37 (La.App. 4 Cir. 3/2/16), 190 So.3d 354, 357, 378, writ denied, 16-0618 (La.5/13/16), 191 So.3d 1057, we find that the trial court “failed to hold a full and meaningful hearing on Defendant’s motion for downward departure” and that *250 the record in this matter “is simply too insufficiently developed” for the trial court “to have properly determined that” a downward departure in Ms. Dowell’s case was not warranted.
We recognize that some courts have held that, “[o]n remand in habitual offender proceedings, another habitual offender hearing presenting evidence tq readjudi-cate is not necessarily required.” State v. Roland, 49,660, p. 14 (La.App. 2 Cir. 2/27/15), 162 So.3d 558, 567, writ denied, 15-0596 (La.2/19/16), 186 So.3d 1174. (Citations omitted). The Roland court found that the defendant “was. not entitled to another full evidentiary hearing on remand.” Id. In this matter, the record is devoid of any evidence that Ms. Dowell had a full evidentiary hearing on the issue of excessiveness of the thirty-year sentence.
Accordingly, we vacate Ms. Dowell’s thirty-year sentence and we again remand this case to the trial court for the purpose of conducting a meaningful sentencing hearing.
] ^CONCLUSION
For the reasons set forth herein, we affirm the trial court’s twenty-year habitual offender sentence. We vacate the trial court’s thirty-year habitual offender sentence and remand this matter to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART, VACATED IN PART AND REMANDED

. Recently, in State v. Mosby, 14-2704, p. 1 (La.11/20/15), 180 So.3d 1274, the Louisiana Supreme Court found the “[i]mposition of a 30 year term of imprisonment on [a] nonviolent offender who is 72 years of age 'and suffers from severe infirmities” to be " ‘grossly out of proportion to the severity’ of the offense,” and amounting to "nothing more than the ‘purposeful, imposition of pain and suffering’ which renders [the] sentence :.. unconstitutional, [and] ... unconscionable.” (Citation omitted). ■

. See, State v. Amos, 15-0954, p. 14 (La.App. 4 Cir. 4/6/16), 192 So.3d 822, 831 ("the defendant did object to the sentences at the hearing, and this Court has found-that a simple objection lodged after sentencing is sufficient to preserve the claim of constitutional exces-siveness.”) (Citation omitted),